*424
 
 Mr. Justice WAYNE
 

 delivered the opinion of the court.
 

 This cause is now before us upon an appeal from a decree of the Circuit Court, made by it upon an auditor’s report, in conformity with the mandate issued by this court, when the cause was before.it upon a former occasion.
 

 The appellants did not except to the auditor’s report, in the court below. When the cause was tried upon the first appeal, the decree of the Circuit Court was affirmed by a divided court.
 

 We are now asked by the counsel, for the appellants to permit him to re-examine the decree of the ■ Circuit Court, upon its merits, affirmed as it was by the Supreme Court, upon the ground that the af-firmance was made when this court had not jurisdiction of the case; the first appeal having been taken upon what has since been discovered to have been an interlocutory and not a final decree.
 

 The Supreme Court certainly has only appellate jurisdiction, where the judgment pr decree of the inferior court is final. But it does not follow, when it renders a decree, upon an interlocutory 'and not a final decree,'that it can,, or ought, on an appeal from a decree in the same' cause, which is final, examine into its jurisdiction upon the former occasion. The cause is not brought here in such a case for any such purpose. ' It was an exception, of which advantage might have been taken by motion on the first appeal. The appeal would then have been dismissed for the want of jurisdiction, and the cause would. have been sent back to the Circuit Court for farther proceedings. But the exception not having been then made of the alleged want of: jurisdiction, the cause was argued upon its merits, and the decree appealed from was affirmed by this court. Its having been affirmed by a divided court, can make no difference as to the conclusiveness of the affirmance upon the rights of the parties. It is settled, that when this court is equally divided upon á writ of error or appeal, the judgment of' the court below stands affirmed. Etting
 
 v.
 
 Bank of the United States, 11 Wheat. 59; the case of the Antelope, 10 Wheat. 66. Having passed upon the merits of the decree, this court has now nothing before it but the proceedings subsequent to its mandate. So. this court said, in Himely and Rose,, and in the case of the Santa Maria, 5 Cranch, 314; 10 Wheat. 431. Its decree became a matter of record in the highest court in which the cause could be finally tried. To permit afterwards, upon an appeal from proceedings upon its mandate, a suggestion of the want of jurisdiction in this court, upon the first appeal, as a sufficient cause for re-examining the judgment then given, would certainly be a novelty in the practice of. a court of equity. The want of jurisdiction is a matter of abatement, and that is not capable of b.eing shown for error to endorse a decree upon a bill of review. Shall the appellant be allowed to do more .now, than would be permitted on a bill of review, if this eourt had the power to grant him. such a remedy? If he was, we should then have a mode for the review of the decrees
 
 *425
 
 of this court, which have become matters of record, which could not ,be allowed as an assignment of error for a bill of review, in any of those courts of the United States in which that proceeding is the ordinary and appropriate remedy.
 

 The application has been treated in this way, to show how much at variance it is with the established practice of courts of equity.
 

 It might, however, have been dismissed, tipon the authority of a case in this court, directly in point, Skillern’s Executors
 
 v.
 
 May’s Executors, 6 Crunch,
 
 267,
 
 and upon the footing that there is'no mode pointed out by law, in which an erroneous judgment by this court can be reviewed in this or any other court. In Skillern’s case, the- question certified by the court below to-this court, for its decision, was, whether the cause could be dismissed from the Circuit Court, for want of jurisdiction, after the cause had been removed to the Supreme Court, and this court had acted upon.and remanded the cause to the.Circuit Court, for further proceedings. This court said, “ It appearing that the merits of the cause had been finally decided in this court, and that its mandate required only the' execution of'its decree, it is the opinion of this court that the Circuit Court is bound to carry that decree into execution, although the jurisdiction of that court is not alleged in the pleadings.” The jurisdiction of this court, in that case, was as defective as it is said to have been in this. When that cause was before this court, though the judgment of the court below on it would have been reversed, upon motion, for the want of jurisdiction on the face of the record, the defect having escaped the notice óf the court .and of counsel, and the court having acted upon its merits, it determined -that its decree should be executed. The reason for its judgniént no doubt was, that the motion to.- dismiss the case, in the eourt below, for the want of jurisdiction, after it had been before the Supreme Court by writ of error, and had been acted upon, would-have been equivalent, had it been allowed, to a decision that the judgment' of this court might be reviewed, when the law points out no mode in which that can be done, either by this or any other court.- The want of power in this court, to review its judgments or decrees, has been so frequently determined by it, that it is not now an open question. Such is the result of what the. court said in Himely and Rose, 5 Cranch, 314. The court says, in Martin
 
 v.
 
 Hunter’s Lessee, 1 Wheat. 304, in reply to the allegation that its judgment had been rendered when, it had not jurisdiction, “To this• argument several answers may be given. In the first place, it is not admitted that upon this writ of error the former record is béfore us. In the next place, in ordinary cases, a second writ of error has never been supposed-to draw in question the propriety of the first judgment, and it is difficult to perceive how such a proceeding could be sustained on principle. A final judgment of this court' is supposed to be, conclusive upon the rights it decides, and no statute -has provided any process by. which this court can revérse its
 
 *426
 
 judgments. In several cases formerly adjudged in tbis court, the same point was argued, and expressly overruled. It was solemnly held, that a final judgment of this court was conclusive upon the parties, and could, not be re-examined.” ' In Browder
 
 v.
 
 McArthur, 7 Wheat. 58, counsel applied for a re-hearing; the court refused it, saying a subsequent appeal brought up only the proceedings subsequent to the.mandate, and did not authorize an inquiry into the merits of the original decree. - The same-is said with equal positiveness in the case of the Santa Maria, 10 Wheat. 442. To these cases we add an. extract from the opinion of the court, given by the late Mr. Justice Baldwin, in Ex parte Sibbald, 12 Peters, 492. That case called for the most careful consideration of the court. “ Before we proceed to consider the matter presented -by these petitions, we think it proper to state our settled opinion of the course which is prescribed by the law for this court to take, after its final action' upon a case, brought within its appellate jurisdiction, as well as that which the court, whose final decree or judgment has been thus ' verified, ought to take. Appellate power is exercised over the .proceedings of inferior courts, not on those of.the appellate court. The Supreme Court has no power to review, its decisions, whether . in a case at law or in equity. A final decree in chancery is as conclusive as a judgment at law. 1 Wheat. 355; 6 Wheat. 113, 116. Both are conclusive of the rights of the parties thereby adjudicated.”
 

 These cases are decisive of the motion made in this case,, and as the decree now appealed from carries into execution the mandate issued by this court upon the' first -appeal, we direct- it to be affirmed.