LAVINA WILLIAMS ET AL., *Complainants, Appellees,*

*vs.*

WILLIAM FIELD, *Defendant, Appellant.*

APPEAL IN EQUITY FROM LAFAYETTE CIRCUIT COURT.

A decree which disposes of the matters in controversy between the parties, but which reserves the question of costs for further adjudication, is interlocutory, and not final.

An appeal from such a decree must be taken within fifteen days.

This was a bill for specific performance, to compel the defendant to convey to the complainants two certain mineral lots therein described, and for an account of the rents and profits thereof. The case was brought to a hearing at the March term of the Circuit Court of Lafayette county, 1852, and was argued by counsel. Whereupon the court made a decree in favor of the said complainants, that the defendant, within six months from the filing of the decree, should execute and deliver to the complainants a deed of quitclaim or release of the property which the defendant had in the said mineral lots, with a covenant of warranty against his own acts, &c. And in case the defendant should fail to deliver the deed within the time prescribed, then such right and title to pass by the power and effect of the decree. And further, that the defendant account for the rents and profits of the said lots, and further ordering a reference to a commissioner for that purpose. And further ordering the said commissioner to ascertain the true and correct boundaries of said lots, and each of them, by abuttals, metes and bounds, or courses and distances,

DEC. TERM
1853.

Williams
et al.
vs.
Field.
and to make a survey for that purpose. And that he make a report, with all convenient speed, to the court, reserving "the consideration of all further orders, matters and directions, and of the costs and charges in this suit incurred, paid, laid out and expended, until the coming in of the report upon the matters herein before referred."

The decree bore date December 31, 1852. From this decree an appeal was taken to this court more than fifteen days, but less than two months after the date thereof. A motion was made to dismiss the appeal on the ground that the decree was interlocutory and not final, and hence the appeal was not taken within the time prescribed by the statute.

*Jas. H. Knowlton*, for the motion.

*A. L. Collins*, contra.

*By the Court*, WHITON, C. J. The decree in this case disposes of the matters in controversy between the parties, and should be regarded as a final decree, were it not that the question of costs is reserved by the court for further adjudication. When this is done, the Court of Chancery, of the State of New York, has held that the decree is interlocutory, although it is in all other respects final in its nature. *Dickinson and Wife vs. Codwise*, 11 *Paige R.* 191; *Williamson vs. Field*, 2 *Barb. Ch. R.* 281. We are disposed to follow those decisions, as they were made under a statute regulating appeals in chancery similar to ours. It follows, that as this appeal was not taken within the time fixed by the statue for appealing from an interlocutory decree, it must be dismissed.

Appeal dismissed.