## SAME *vs.* SAME.

Where the supreme court had once decided that it had jurisdiction of a cause upon appeal it will not, upon a second appeal in the same cause, entertain a motion to vacate and annul its former decision, even though it might be of opinion that its former rulings were erroneous.

The supreme court is competent to decide all questions pertaining to a case, which may come before it, that of its own jurisdiction included; and such decision is conclusive of that case; and a motion to vacate its former ruling will be denied.

The preceding appeal appointing a receiver being before this court on the 23d day of June, 1854, the counsel for the respondent made the following motion in the case:

"And now at this day comes the said appellee, by Knowlton, Knapp & Collins, his solicitors and counsel, and moves this court to vacate the order of this court heretofore made on the 26th day of December, A. D. 1851, whereby this court overruled the motion of this appellee before that time made, to dismiss the appeal of the said Caleb Cushing, then pending in this court, because said appeal had not been taken within the time prescribed by law; and that this court do now grant sa'd motion.

"And that this court do now vacate the order of this court made on the 29th day of December, A. D. 1852, whereby the decree of the circuit court of Dane county, dated the 25th day of July, A. D. 1851, was reversed by this court.

"Also that this court do now vacate the order of this court made on the 6th day of March, A. D. 1854, whereby the order of the circuit court of Dane county, dated the 20th day of October, A. D., 1853, refusing to allow the motion of the appellant, Cushing, asking for a re-delivery of the possession of the mills, &c., to said appellant, was reversed by this court."

The order of the 26th of December, A. D. 1851, above

Hungerford vs. Cushing et al.

referred to, was based upon the following motion, dated Dec. 22, 1851 :

"And now comes the said appellee, Wm. S. Hungerford, by his solicitors, Knowlton, Collins & Knapp, and moves the court to dismiss the appeal, or supposed appeal, in this cause, and for the following reasons: 1st. The appeal was not taken in time, and in support of this point reference is made to chapter 84, §§ 110, 111 and 112, of the Revised Statutes, Wisconsin; to the appeal bond filed in this cause by the appellant, signed by Erastus {B. Wolcott as surety, and dated July 25th, 1851, among the files of this cause, and to the bill of complaint filed in this cause. 2d. The bond filed for an appeal in this cause is not such as is required by statute (referring as in the first point to statute and papers). And, 3d. The security in said bond has not justified according to law, (referring to the statute and papers, &c.)"

No decision was written upon this motion by the court. The docket entry is as follows: [Dec. 26th, 1851.] "The court being now sufficiently advised of and concerning the motion of the appellant to dismiss this cause, for the reason that the decree appealed from is an interlocutory and not a final decree, and that no sufficient bond has been filed, it is considered that said motion be overruled, and time is given the appellant until Thursday, the first day of January next, to perfect his appeal bond in this cause. And the court being sufficiently advised of and concerning the motion of the appellant for time to prepare his case, &c., it is considered and ordered by the court here that the solicitors for the appellant be allowed two months time to prepare and serve their case according to the rules of this court.

*Knowlton, Knapp & Collins*, for the motion, relied on *Williams vs. Field*, decided Dec. Term, 1853.

*McArthur & Bartlett*, for the appellant,

*By the Court*, Whiton, C. J.   This is a motion to set aside
an order made in the supreme court on the 26th day of De-
cember, A. D. 1851 ; and all the orders and decrees made in
the supreme court subsequently to the entering of the order
on the 26th of December.   The order made on the 26th day
of December, 1851, was a denial of a motion [made by Hun-
gerford the appellee to dismiss the appeal then pending.]

· The reason urged upon the court in support of this motion
is, that the decision of the supreme court in question was
erroneous, and that it had not at the  time jurisdiction of the
case, and of course could not make any valid order in rela-
tion to it, except one dismissing it.   Hence, it is contended,
that not only is the order denying the motion to dismiss erro-
neous, but all subsequent orders and decrees made in the case
are void ; that the court had not jurisdiction of the case at
the time it made the order denying the motion to dismiss, is
proved, as the moving party now  claims, by the decision of
this court in the case of [*Williams*] *vs.* [*Field*, 2 Wis., 421]
decided at the last term of this court.   In that case we
held that a decree which reserved the question of costs was,
under our statute, an interlocutory, and not a final decree,
although it disposed of all the principal matters in contro-
versy between the parties.   Hence we held that such an order
could not be appealed from, after fifteen days, that being the
time limited by the statute for taking appeals from interlocu-
tory orders.   As the decree which was  before the court on
the 26th of December, 1851, also reserved the question of
costs, and was not appealed from until more than fifteen days
had elapsed from the signing ; the moving party now con-
tends that the court had not jurisdiction of the case, and that
the order denying the motion to dismiss the appeal should
be vacated ; and all orders subsequently made in the case.

We don't see how the motion can be sustained.   The decis-

Hungerford vs. Cushing et al.

ion in question was made by the highest court in the State; and although this court as at present constituted might be of opinion that an error was committed by the supreme court as it then existed; yet we cannot undertake to reverse, annul and vacate the decision which it made, even for the want of jurisdiction. The court was competent to decide all the questions pertaining to the case, which came before it—that of its own jurisdiction included; and its decision must be final. Were we to take jurisdiction of this question and entertain this motion, we do not see how we could refuse to entertain similar motions in every case that has been decided by the supreme court. It can make no difference that the alleged error of the court was committed in deciding that they had jusisdiction of the case, when in fact they had not; because the decision of the court upon that subject is as final and conclusive as upon any other.

The motion is denied with costs.

Note.—The opinion above given was found among the papers of the late. Chief Justice Whiton after his death, and placed on the files of the court, May 27, 1859. There are several inaccuracies and omissions, which are supplied in brackets.—Reporter.