ALBERT B. HICKOX V. THE CHICAGO & CANADA SOUTHERN RAILWAY COMPANY AND THE LAKE SHORE & MICHIGAN SOUTHERN RAILWAY COMPANY.

| | |
|---|---|
| 94 | 237 |
| 96 | 398 |

| | |
|---|---|
| 94 | 237 |
| 115 | 72 |

[See 78 Mich. 615.]

*Res judicata—Right of way—Abandonment—Intention—Evidence.*

1. It is a well-settled rule that courts will not review former decisions made by the same court in the same cause, and on the same state of facts.
2. Where a railroad company ceases to run cars over a portion of its road for 12 years, the question of abandonment is one to be determined from the facts, and not from testimony as to the intention of the officers of the. railroad company either at the outset or during such period.

Error to Lenawee.    (Lane, J.)   Argued December 1, 1892. Decided December 22, 1892.

Ejectment.    Defendants bring error.    Affirmed.    The facts are stated in the opinion, and in 78 Mich. 615.

*C. E. Weaver* (*George C. Greene* and *O. G. Getzen-Danner*, of counsel), for appellants.

*Clement Carpenter* and *Salsbury & O'Mealey*, for plaintiff.

GRANT, J.    This case was once before this Court, and is reported in 78 Mich. 615.

The two main questions then before the Court were (1) the construction of the deed; (2) was there such an abandonment as to render the defeasance operative?    Both these questions were decided against the defendants.    The defendants took a new trial under the statute, and a verdict was again directed for the plaintiff.    The facts and the questions presented upon the present record are the same as those in the former case.

Since that case was heard there has been an entire change of the members of this Court, with one exception. In a similar case, COOLEY, C. J., said:

"A due respect to our predecessors, I think, and to uniformity and stability in judicial action, demands that we shall recognize this point as no longer open to controversy.    *    *    *    The importance of adhering to judicial decisions, except when unmistakably wrong and mischievous, can certainly require no illustration at our hands." *Motz v. City of Detroit*, 18 Mich. 522.

It is a well-settled rule that courts will not review former decisions made by the same court in the same cause, and on the same facts.    Wells, Res. Adj. § 613; *Stacy v. Railroad Co.*, 32 Vt. 552; *Washington Bridge Co. v. Stewart*, 3 How. 425, and authorities there cited.

But counsel for defendants insist that they offered testimony which, if admitted, would have presented a different question for the determination of the court, and that such testimony was not introduced upon the former trial.    In determining this question it is important to state the precise question determined by the former decision.    It was there held that—

"When this right of way ceased to be used and operated as a railroad, and was used only for the storing of cars, the defeasance became operative, and the conveyance had no further force or effect."

The defendants ceased to run cars over this road in the year 1879, and the disuse of the road for that purpose continued down to the time of the second trial of this cause.[1] After this long-continued disuse the question became one of fact, and not of intention. The court held that this disuse was in law an abandonment of the road under the terms of the deed.

The president of the Chicago & Canada Southern Railway Company was a witness for the defendants, and, after testifying that the track between Grosvenor and Corbus had been used for the storage of cars whenever they had a surplus upon the line, he was asked whether, at the time the company ceased to run regular trains between those points, it was the intention to take such trains off permanently. This testimony was properly rejected. After so many years of disuse in running trains the defendants could not reply that their officers had not intended a permanent disuse, and that they intended at some future time to renew their train service. Under the circumstances of this case, the question is to be determined from the facts, and not from the secret intent of the parties. We do not intend so say that under no circumstances would such testimony be competent. The disuse may be so short, and to serve a temporary purpose, that it may be competent to show the intent to resume the usual operation of the road. The question, however, was directed to the time when the defendants ceased to run trains.

A further question was asked and rejected, as to the intent on the part of any officers of the road during the time of such disuse to permanently abandon this piece of the road for the running of through trains. No testimony was offered tending to show that the abandonment was temporary, or to fix any time when they intended to resume, or that they ever intended to resume. The defendants

---

[1] The second trial commenced June 10, 1891.

contended, and introduced evidence to show, that the public was better served by running their trains over their other tracks, and ceasing the use of this piece for that purpose. It is therefore too clear for argument that the testimony offered was immaterial and incompetent.

Judgment affirmed.

The other Justices concurred.