## HALEY v. KILPATRICK.

(Circuit Court of Appeals, Eighth Circuit. October 24, 1900.)

### No. 1,373.

1. QUESTIONS REVIEWABLE.
   A second appeal or writ of error in the same case only brings up for review the proceedings of the trial court subsequent to the mandate, and does not authorize a reconsideration of any question, either of law or fact, which was considered and determined on the first appeal or writ of error, notwithstanding a contrary decision of such question in the meantime by a state court in a different case.

2. PLEADING—AIDER BY VERDICT.
   Where the evidence supports the verdict, the pleadings, if defective, will be treated as amended to conform to the proofs.

3. SAME—VARIANCE—ESTOPPEL.
   A plaintiff cannot raise the objection of variance because of the absence of an allegation which was stricken from defendant's answer on his own motion.

In Error to the Circuit Court of the United States for the District of Colorado.

W. T. Hughes, for plaintiff in error.

Thomas H. Hood, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. This is the second appearance of this case in this court. 13 C. C. A. 480, 66 Fed. 133, 27 U. S. App. 752. For a statement of the case and the questions involved we refer to our former opinion. The law of the case was settled in the opinion of the court when the case was first here. It remains the law of the case in this court, the decree of the state court in another and different case to the contrary notwithstanding. Mathews v. Bank,

40 C. C. A. 444, 100 Fed. 393. It is well settled that a second appeal or writ of error in the same case only brings up for review the proceedings of the trial court subsequent to the mandate, and does not authorize a reconsideration of any question either of law or fact which was considered and determined on the first appeal or writ of error. Bridge Co. v. Stewart, 3 How. 413, 425, 11 L. Ed. 658; Sizer v. Many, 16 How. 98, 14 L. Ed. 861; Tyler v. Magwire, 17 Wall. 253, 283, 21 L. Ed. 576; Phelan v. City & County of San Francisco, 20 Cal. 39, 44; Leese v. Clark, Id. 388. In the last case cited Mr. Justice Field, then chief justice of the supreme court of California, delivering the unanimous judgment of that court, said:

"The decision of this court on the first appeal became the law of the case, and fixed the right of the parties in this action under their respective grants. 'A previous ruling of the appellate court,' as we held in Phelan v. City & County of San Francisco, 'upon a point distinctly made, may be only authority in other cases, to be followed and affirmed, or to be modified or overruled, according to its intrinsic merits; but in the case in which it is made it is more than authority; it is a final adjudication, from the consequences of which the court cannot depart, nor the parties relieve themselves.' 20 Cal. 39. Such has been the uniform doctrine of this court for years, and, after repeated examinations and affirmations, it cannot be considered as open to further discussion. See Dewey v. Gray, 2 Cal. 377; Clary v. Hoagland, 6 Cal. 687; Gunter v. Laffan, 7 Cal. 592; and Davidson v. Dallas, 15 Cal. 82. Nor is the doctrine peculiar to this court. It is the established doctrine of the supreme court of the United States and of the supreme courts of several of the states. Sibbald v. U. S., 12 Pet. 491, 9 L. Ed. 1167; Bridge Co. v. Stewart, 3 How. 413, 11 L. Ed. 658; Russell v. La Roque, 13 Ala. 151. And the reason of the doctrine is obvious. The supreme court has no appellate jurisdiction over its own judgments. It cannot review or modify them after the case has once passed, by the issuance of the remittitur, from its control. It construes, for example, a written contract, and determines the rights and obligations of the parties thereunder, and upon such construction it affirms the judgment of the court below. The decision is no longer open for consideration. Whether right or wrong, it has become the law of the case. This will not be controverted. So, on the other hand, if, upon the construction of the contract supposed, this court reverses the judgment of the court below, and orders a new trial, the decision is equally conclusive as to the principles which shall govern on the retrial. It is just as final to that extent as a decision directing a particular judgment to be entered is as to the character of such judgment. The court cannot recall the case, and reverse its decision, after the remittitur is issued. It has determined the principles of law which shall govern, and, having thus determined, its jurisdiction in that respect is gone; and, if the new trial is had in accordance with its decision, no error can be alleged in the action of the court below. Young v. Frost, 1 Md. 394; McClellan v. Crook, 7 Gill, 333."

No new questions going to the merits of the case were raised on the second trial.

Complaint is made that there was a variance between the proof and the pleadings; but where the proof supports the verdict the pleadings will be treated as amended to conform to the proof. Keener v. Baker, 93 Fed. 377, 35 C. C. A. 350. Moreover, the answer which set up the defense or plea in mitigation was stricken out on the plaintiff's motion, and he will not now be heard to object that the evidence which the lower court admitted—and rightly so, we think, on the pleadings as they stood—was not admissible, because of the absence of a plea which he himself had procured to be stricken out. He will not be permitted to take advantage of his own wrong.

New York El. R. Co. v. Fifth Nat. Bank, 135 U. S. 432, 10 Sup. Ct. 743, 34 L. Ed. 231; Railway Co. v. Harris, 12 C. C. A. 598, 63 Fed. 800, 27 U. S. App. 450. The judgment of the circuit court is affirmed.