[Civil No. 962.   Filed March 23, 1907.]

[89 Pac. 496.]

ALBERT STEINFELD et al., Defendants and Appellants, **v.**
LOUIS ZECKENDORF, Plaintiff and Appellee.

APPEAL from a judgment of the District Court of the
First Judicial District, in and for the County of Pima.   John
H. Campbell, Judge.

ON REHEARING.

For original opinion, see 10 Ariz. 221, 86 Pac. 7.

PER CURIAM.—The judgment of the district court **is**
reversed, and the cause is remanded for a new trial.

CAMPBELL, J., not sitting.

NAVE, J.—The facts in this case have been fully set forth
in the majority and dissenting opinions heretofore filed, and
reported in 10 Ariz. 221, 86 Pac. 7.   The resolutions adopted
by the board of directors of the Silver Bell Copper Company
on May 20, 1903, contained a formal acceptance of a proposi-
tion of Albert Steinfeld therein referred to, and a formal
ratification of an agreement, recited in those minutes to have
been made that day by the president and secretary of the
corporation with the Mammoth Copper Company and Albert
Steinfeld.   In the resolutions this agreement is described as
being ''in regard to the disposition of the proceeds of the
sale this day made to the Imperial Copper Company, and in-
demnifying said Steinfeld.''   It was stated by me in my dis-
senting opinion at the former hearing that this paragraph,
together with another paragraph of the resolutions, was re-
scinded by the action of the board of directors on December
26, 1903, pursuant to a resolution of the stockholders of
that same date.   It was also stated in that dissenting opinion
that the agreement annexed to the resolution of the stock-
holders of December 26, 1903 (set forth in full in the pre-
vailing opinion at that hearing), was rescinded *in toto*.   One
sentence in that agreement is as follows: ''In consideration
of the premises, and of the sum of one dollar by each of the
parties hereto to the other in hand paid, the receipt whereof

is hereby acknowledged, it is hereby mutually agreed that the purchase price paid and to be paid upon the sale shall belong to and be the property of the said Silver Bell Copper Company.''

I am now of the opinion, contrary to that which I entertained at the former hearing, that this agreement was the formal expression of that portion of the contract created by Steinfeld's offer and its acceptance, which pertained to the conveyance of the mining claims or the proceeds of the sale thereof; that it was in fact the instrument of conveyance. In this view, the rescission of that agreement operated to restore the status of the parties with respect to the ownership of the mining claims, and of the purchase price of the mining claims, to that existing prior to the execution of the rescinded agreement. It becomes necessary to ascertain that status.

For reasons stated in the prevailing opinion at the former hearing, I deem that this may more appropriately be done by the trial court than by this court. I concur in that opinion.

The CHIEF JUSTICE and SLOAN and DOAN, JJ., upon the reargument of the cause, have found no reason to modify their views as heretofore expressed.