R. L. JENNINGS v. G. W. MUNDEN ET AL

Decided May 25, 1907.

**1.—Enjoining Judgment of County Court—Jurisdiction of District Court.**

The District Court has no power to enjoin a judgment of the County Court unless the same is void as distinguished from erroneous.

**2.—Judgment, Final or Interlocutory—Conclusion of Court.**

Whether or not a judgment of the Justice Court, from which an appeal is taken to the County Court, is a final or interlocutory judgment is a question addressed to the County Court, and its action thereon is not void however erroneous or irregular it may be.

**3.—Same—Same.**

Where a judgment of a Justice Court failed to dispose of one of two defendants and the County Court on appeal held that it had jurisdiction of the case, such judgment of the County Court was not void, and the District Court had no power to enjoin the same.

Appeal from the District Court of Harrison County. Tried below before Hon. Richard B. Levy.

*L. P. Wilson,* for appellant.—Where, in a suit in the Justice Court in which suit no final judgment is rendered by the Justice Court, and in such suit one of the defendants appeals from said judgment to the County Court, the County Court acquires no jurisdiction of the suit; and, if such County Court takes jurisdiction of such suit so appealed from said Justice Court, and renders judgment against the plaintiff in said suit, for $21 costs, such judgment is void, and no execution or cost bill can legally issue on such County Court judgment for costs. It is error for the District Court to dissolve a writ of injunction that had been issued to restrain the levy and execution of such execution or cost bill. Simpson v. Bennett, 42 Texas, 241; Sayles' Civil Statutes, 1897 edition, vol. 1, arts. 1641, 1643, 1668, 1158.

*F. H. Prendergast,* for appellees.—Where the statute allows appeal from final judgment only, but there is in fact an appeal from an interlocutory judgment, the judgment on appeal is not void. Washington Bridge Co. v. Stewart, 3 How., 413-424; Hungerford v. Cushing, 8 Wisconsin, 324; Vanfleet on Collateral Attack, sec. 90.

RAINEY, CHIEF JUSTICE.—This is a suit by injunction brought in the District Court of Harrison County by Jennings against Munden, sheriff, and Texas & Pacific Railway Company, to restrain the levy of an execution issued by virtue of a judgment rendered against Jennings by the County Court of said county. The District Court granted a temporary injunction restraining said County Court judgment and subsequently dissolved it. The cause was tried and judgment rendered for appellees, from which Jennings appeals.

The judgment sought to be enjoined was rendered by the County Court in a case appealed from the Justice Court. In the Justice Court Jennings sued the Texas & Pacific Railway Company and one Williams for $13.80. Both were cited and answered. Williams answered denying under oath the transfer of certain indebtedness to Jennings, upon which Jennings was seeking to recover of the Texas & Pacific Railway Company. Williams also plead orally against the Texas & Pacific Railway Company to recover the sum of $32.05. On a trial the jury returned a verdict, "We, the jury, find for plaintiff to the amount of $13.80 against The Texas and Pacific R. R. Company." The justice duly entered a judgment against the Texas & Pacific Railway Company reciting the verdict of the jury, but no further mention of Williams or his claim was made. From this judgment the Texas & Pacific Railway Company perfected an appeal to the County Court, making both Jennings and Williams parties thereto. When the case reached the County Court Williams plead in writing his claim for $32.05 against the Texas & Pacific Railway Company, reciting that such plea had been orally made in the Justice Court. A judgment was rendered in the County Court overruling Jennings' motion to dismiss the appeal (the grounds for dismissal not appearing in the record), and further that Williams recover of the Texas & Pacific Railway Company and that Jennings take nothing and pay all costs in the County Court and the Justice Court and awarded execution. The costs amounted to $21.

Jennings in his petition for injunction alleges in substance that he appeared in the County Court and moved to dismiss the appeal from the Justice Court because no final judgment had been rendered by the Justice Court, which motion was overruled and that said court had no jurisdiction to render judgment against him for $21 costs.

The District Court dissolved the injunction and upon that only one assignment of error is presented; that is, "the court erred in sustaining the motion of defendant to dissolve the injunction granted herein."

We conclude that if the judgment of the County Court was void the District Court had the power to restrain its execution. But was it void? It was irregular, but we do not understand that where some irregularity is found in the rendition of a judgment that it is necessarily void. It is evident that the verdict of the jury in the Justice Court was intended as a final disposition of the issues and parties in that suit, but the judgment did not expressly dispose of Williams, therefore the judgment rendered in favor of Jennings might be classed as interlocutory. Being interlocutory, and

having been appealed from and the County Court having assumed jurisdiction, its action was not void, but merely irregular, and Jennings' remedy, if any, was a resort to that court. It is true, that our statutes allow an appeal only from a final judgment, and when an appeal is from an interlocutory judgment the appeal should be dismissed. Simpson v. Bennett, 42 Texas, 241. But this question is addressed to the court assuming jurisdiction, and its action is a "judicial determination of a question incident to the proceedings and properly arising therein." Mr. Van Fleet in his work on Collateral Attack, says: "Where the statute authorizes appeals from final decrees only, but an appeal is entertained from an interlocutory one under the mistaken view that it was final, a decree rendered therein, it is not void. Sec. 90, p. 124; Washington Bridge Co. v. Stewart, 3 How., 413; Hungerford v. Cushing, 8 Wis., 324."

No question is raised that the amount in controversy in the Justice Court was under $20. In the County Court Williams plead that his claim against the railway company was $32.05, and that he had pleaded it orally in the Justice Court. There being no statement of facts in the record the presumption will prevail that the County Court had evidence to that effect.

The judgment not being void the District Court had no power to enjoin it. Galveston, H. & S. A. Ry. Co. v. Dowe, 70 Texas, 1; Gulf, C. & S. F. Ry. Co. v. Cleburne Ice & Cold Stor. Co., 37 Texas Civ. App., 334; Rains v. Reasonover, 46 Texas Civ. App., 290.

There was no error in dissolving the injunction and the judgment is affirmed.

*Affirmed.*