EAGLE MINING & IMPROVEMENT COMPANY *v.*
HAMILTON.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF
NEW MEXICO.

No. 51. Submitted November 7, 1910.—Decided November 28, 1910.

Under the Territorial Practice Act of April 7, 1874, c. 80, 18 Stat. 27,
the jurisdiction of this court on appeals is limited to the inquiry
whether the findings of fact support the judgment and to a review
of duly taken exceptions and rulings on admission or rejection of
evidence.

Findings of the District Court when adopted by the Supreme Court
of the Territory serve the purpose of the statement of facts required
by the statute.

Rulings on questions of evidence are not properly before this court
when the exceptions thereto do not appear in the record, and, even
though objections to testimony may have been noted, if it does not
appear what the rulings were and whether the testimony was or was
not excluded, this court is confined to determining whether the
findings support the judgment; and in this case the facts found by
the court below unquestionably support the judgment.

14 N. Mex. 271, affirmed.

THE facts are stated in the opinion.

*Mr. Samuel Parker,* with whom *Mr. George W. Prich-
ard* and *Mr. Archibald G. Graham* were on the brief, for
appellant.

*Mr. James G. Fitch* for appellee.

MR. JUSTICE HUGHES delivered the opinion of the court.

This is an appeal from a decree of the Supreme Court
of the Territory of New Mexico in two suits which were
consolidated. The first suit was brought in August, 1903,

in a District Court of the Territory by the appellant, Eagle Mining and Improvement Company, against the appellees, the widow and heirs of Humphrey B. Hamilton, deceased, to have it adjudged that the decedent held a certain undivided interest in mining property in trust for the appellant, and to compel conveyance. In November, 1904, the appellees, one of whom was the administrator of the decedent's estate, brought suit against the appellant, alleging that Hamilton had rendered services as its attorney in connection with the mining property and otherwise, and that the legal title had been taken by him pursuant to an agreement, by which it was to be held as security for the appellant's indebtedness to him; the appellees prayed for foreclosure and recovery of the amount found to be due. The suits were consolidated and a referee was appointed to take testimony. Hearing was had, and a decree was entered in favor of appellees, which set forth separately findings of fact and conclusions of law.

The court found that Hamilton had acquired the legal title to the undivided one-half interest in question under an agreement with the appellant, by which he was to negotiate for the purchase in its behalf and was to surrender a certain equitable claim of lien upon another interest in the property; that in consideration of this surrender and of his services in acquiring the one-half interest Hamilton was to receive the difference between an agreed sum and the amounts to be advanced by the appellant to effect the purchase; that for the payment of this difference—found to amount to $9,500—Hamilton was to hold the legal title as security; and that the agreement to this effect was evidenced by writings signed by Hamilton "and delivered to, accepted and acquiesced in by the said company."

As a conclusion of law, the court found that the heirs of Hamilton were entitled to hold the legal title to the

undivided interest until the payment of $9,500, with interest and costs of suit, had been made to the administrator of Hamilton's estate; that upon such payment they should convey to the appellant, and that in default of payment the undivided interest should be sold to satisfy the indebtedness.

It was further found that Hamilton had been retained by the appellant as its attorney, and at its request had rendered legal services from the date of its organization until his death without express agreement as to the amount to be paid therefor; that these services were reasonably worth $9,519.99, upon which, after deducting payments, there was due $8,419.99. And, as a conclusion of law, the court held that the administrator was entitled to judgment for the last-mentioned sum.

It was decreed accordingly, and from this decree appeal was taken to the Supreme Court of the Territory where it was affirmed.

The record before us contains the testimony taken before the referee, and the letters and documents which, in connection with the testimony, he submitted to the court in his report; and the argument here is directed largely to the effect of the evidence and to the findings of the court below as to matters of fact.

But we are not at liberty to review these findings of fact. We cannot go behind the findings to ascertain whether they are justified by the evidence. Under the act of April 7, 1874, chapter 80, 18 Stat. 27, the jurisdiction of this court, upon this appeal, is limited to the inquiry whether the findings of fact made by the court below support its judgment, and to a review of exceptions which have been duly taken to rulings upon the admission or rejection of evidence. *Stringfellow* v. *Cain*, 99 U. S. 610; *Neslin* v. *Wells*, 104 U. S. 428; *Idaho & Oregon Land Company* v. *Bradbury*, 132 U. S. 509; *Haws* v. *Victoria Copper Mining Company*, 160 U. S. 303; *Grayson* v.

*Lynch,* 163 U. S. 468; *Bear Lake Irrigation Company* v. *Garland,* 164 U. S. 1; *Apache County* v. *Barth,* 177 U. S. 538. The findings of the District Court, having been adopted and affirmed by the Supreme Court of the Territory, serve the purpose of the statement of facts required by the statute. *Stringfellow* v. *Cain, supra; Neslin* v. *Wells, supra; Haws* v. *Victoria Copper Mining Company, supra.*

Nor are there any rulings upon questions of evidence which are properly before us for review, for no exceptions to such rulings appear in the record. When the evidence was taken before the referee appointed by the District Court various objections were made and were noted upon the record, but the referee did not attempt to pass upon the objections and reported to the court the entire proceedings, including the testimony and documents to which objection had been made. What, if any, rulings were made by the court upon these objections is not shown. In the progress of the cause a memorandum of opinion was filed by the judge sitting in the District Court, in which the admissibility of certain testimony, relied upon by the appellant, was said to be doubtful, but it does not appear that the testimony was excluded, and as we have said there are no exceptions which bring up any question for review with respect to the admission or rejection of evidence.

As the facts found by the court below unquestionably support the judgment, it is

*Affirmed.*