[Civil No. 1347.   Filed February 28, 1914.]

[138 Pac. 1044.]

ALBERT STEINFELD, R. K. SHELTON, J. N. CURTIS, SILVER BELL COPPER COMPANY, a Corporation, and MAMMOTH COPPER COMPANY, a Corporation, Appellants, v. LOUIS ZECKENDORF, Appellee.

1. APPEAL AND ERROR—MANDATE AND PROCEEDINGS IN LOWER COURT— EFFECT IN LOWER COURT OF DECISION OF APPELLATE COURT.—Where both parties to a suit appealed from the territorial supreme court to the supreme court of the United States, and a statement of the facts of the case in the nature of a special verdict was made and certified by the territorial court, as provided by act of April 7, 1874, chapter 80, 18 Stat. 27, the district court could not, after remand from the supreme court, reopen the case and hear evidence, but could only enter judgment in conformity with the mandate upon the record as made and certified.

2. APPEAL AND ERROR—PROCEEDINGS IN LOWER COURT AFTER REMAND.— Where, on appeal from a territorial court, the supreme court of the United States decided, as a matter of law, from the facts certified, that the property in controversy belonged to defendant, and the mandate was that such "further proceedings be had in conformity with the opinion, etc., as according to right and justice and the laws of the United States ought to be had," the lower court in entering judgment could properly allow interest at six per cent on the money converted.

3. APPEAL AND ERROR—COURTS—MANDATE AND PROCEEDINGS IN LOWER COURT.—Where, on appeal to the supreme court of the United States, the territorial supreme court in its certified statement of facts found that ten per cent was a reasonable amount for plaintiff's attorney's fees, the federal supreme court was bound thereby, and the superior court was bound by this finding after remand from the supreme court.

4. APPEAL AND ERROR—MANDATE AND PROCEEDINGS IN LOWER COURT.— Where, on appeal from the territorial court to the supreme court of the United States, that court held, upon the certified facts, that the appointment of a receiver was proper, and that he should be continued until the litigation was finally determined, the lower court after remand properly refused to discharge the receiver.

5. CORPORATIONS—ACTION BY STOCKHOLDER—COSTS AND EXPENSES.— Where an action was prosecuted by a stockholder for the benefit of the corporation, and, as a result, the corporation was enriched to the amount recovered, the court properly entered judgment in favor of the stockholder against the corporation for all costs, attorney's fee, etc.

[As to suits by stockholders on behalf of corporations, see note in 97 Am. St. Rep. 29.]

APPEAL from a judgment of the Superior Court of the County of Pima. Fred Sutter, Judge. Appeals dismissed.

The facts are stated in the opinion.

Mr. Francis J. Heney, Mr. Eugene S. Ives and Mr. S. L. Kingan, for Appellants.

Mr. Frank H. Hereford and Mr. Edwin A. Meserve, for Appellees.

Mr. S. M. Franklin, for Receiver.

ROSS, J.—The history of this case may be found in 10 Ariz. 221, 86 Pac. 7; 11 Ariz. 192, 89 Pac. 496; 12 Ariz. 245, 100 Pac. 784; and 225 U. S. 445, 56 L. Ed. 1156, 32 Sup. Ct. Rep. 728. It originated in the territorial days in the district court of Pima county, where it was twice tried. Two appeals were prosecuted from judgments of the trial court to the supreme court of the territory. From the last judgment of the latter court both parties appealed to the supreme court of the United States. The "statement of the facts of the

case in the nature of a special verdict" was made and certified to the United States supreme court by the territorial supreme court, as provided in section 702, volume 4, Fed. Stats. Ann., 18 Stats. at Large, 27, of which statement the court, at page 448 of 225 U. S., at page 729 of 32 Sup. Ct. Rep. (56 L. Ed. 1156), said: "The supreme court of the territory made elaborate findings of fact, adopting the findings of the district court and making certain findings of its own. So far as necessary to determine the case as we view it, the findings may be summarized as follows. . . ." That court further said, at page 449 of 225 U. S., at page 730 of 32 Sup. Ct. Rep. (56 L. Ed. 1156): "The findings of fact sent up to us, and which must alone be the basis of our judgment, show," etc.

The mandate from the supreme court of the United States is "that such execution and further proceedings be had in said cause in conformity with the opinion and judgment of this court as, according to right and justice and the laws of the United States, ought to be had, the said appeals notwithstanding."

The opinion of the supreme court directs that "the case be remanded to the supreme court of the state of Arizona, as successor of the territorial supreme court, for such further proceedings as may not be inconsistent with the opinion of this court." This court remanded the case to the superior court of Pima county, Arizona, with directions "that such action be had in said cause as by the mandate of said supreme court of the United States may be proper said appeal notwithstanding."

The present appeal is from the judgment of the superior court of Pima county, entered upon the mandates above set forth. We are asked to dismiss the appeals on the ground and for the reason that the judgment appealed from is in accordance with and in strict conformity to the mandates of the supreme courts of the United States and the state of Arizona.

The appellants insist that, under the terms of the mandates, it was the duty of the trial court to give them a new trial—that is, to hear other and additional evidence on certain features of the case. The court took the view that, under the mandates, it was powerless to open up the case as

for a trial *de novo,* and proceeded to enter judgment upon the record as made and certified to the United States supreme court and in conformity with the decision of that court as contained in its opinion. It seems to us that the court did the only thing it was authorized to do. We cannot construe the mandate as permitting or directing a new trial of the issues that were submitted to and decided by the supreme court. The court of first instance was as much bound by the findings of fact in entering its judgment as the supreme court in determining the law questions presented to it.

The decisions are numerous to the effect that the findings of fact by the supreme court of a territory are conclusive and may not be reviewed on appeal to the supreme court of the United States. That court is limited to a review of questions of law only. *Eilers* v. *Boatman,* 111 U. S. 356, 28 L. Ed. 454, 4 Sup. Ct. Rep. 432; *Idaho etc. Land Imp. Co.* v. *Bradbury,* 132 U. S. 509, 33 L. Ed. 435, 10 Sup. Ct. Rep. 177; *Zeckendorf* v. *Johnson,* 123 U. S. 617, 31 L. Ed. 277, 8 Sup. Ct. Rep. 261; *Haws* v. *Victoria Copper Co.,* 160 U. S. 303, 40 L. Ed. 436, 16 Sup. Ct. Rep. 282; *Gildersleeve* v. *N. M. M. Co.,* 161 U. S. 573, 40 L. Ed. 812, 16 Sup. Ct. Rep. 663; *Bear Lake etc.* v. *Garland,* 164 U. S. 1, 41 L. Ed. 327, 17 Sup. Ct. Rep. 7; *Eagle M. & I. Co.* v. *Hamilton,* 218 U. S. 513, 54 L. Ed. 1131, 31 Sup. Ct. Rep. 27.

It was said by the circuit court of appeals in *Haley* v. *Kilpatrick,* 104 Fed. 647, 44 C. C. A. 102: "The law of the case was settled in the opinion of the court when the case was first here. It remains the law of the case in this court, the decree of the state court in another and different case to the contrary notwithstanding. *Mathews* v. *Bank,* 100 Fed. 393, 40 C. C. A. 444. It is well settled that a second appeal or writ of error in the same case only brings up for review the proceedings of the trial court subsequent to the mandate, and does not authorize a reconsideration of any question either of law or fact which was considered and determined on the first appeal or writ of error. *Bridge Co.* v. *Stewart,* 3 How. 413, 425, 11 L. Ed. 658; *Sizer* v. *Many,* 16 How. 98, 14 L. Ed. 861; *Tyler* v. *Magwire,* 17 Wall. 253, 283, 21 L. Ed. 576; *Phelan* v. *City and County of San Francisco,* 20 Cal. 39, 44; *Leese* v. *Clark,* 20 Cal. 388."

In *Re Potts,* 166 U. S. 263, 41 L. Ed. 994, 17 Sup. Ct. Rep. 520, the court said: "When the merits of a case have been once decided by this court on appeal, the circuit court has no authority, without express leave of this court, to grant a new trial, a rehearing, or a review or to permit new defenses on the merits to be introduced by amendment of the answer."

In *Re Sanford Fork & Tool Co.,* 160 U. S. 247, 40 L. Ed. 414, 16 Sup. Ct. Rep. 291, this language was used: "When a case has been once decided by this court on appeal, and remanded to the circuit court, whatever was before this court, and disposed of by its decree, is considered as finally settled."

In the opinion of *Gaines* v. *Rugg,* 148 U. S. 228, 239, 13 Sup. Ct. Rep. 611, 615, 37 L. Ed. 432, the very language of the mandate in this case is discussed: "It is contended for the respondent that the decree of this court was one absolutely reversing the decree of the circuit court; that the circuit court had a right, therefore, to proceed in the case, in the language of the mandate, not merely 'in conformity with the opinion and decree of this court,' but also 'according to right and justice'; and that, therefore, it had authority to permit the defendant Rugg to take further testimony in support of his exceptions, 'by way of defense to the title to the lands in controversy,' and to set down the cause 'upon the issues formed by the pleadings and exceptions aforesaid as to the title to said lands'; in other words, that the whole controversy was to be reopened as if it had never been passed upon by this court as to the title and possession of the land. This cannot be allowed, and is not in accordance with the opinion and mandate of this court."

The pleadings of the parties to this case presented squarely to the court for decision the question as to whether the property involved in the litigation belonged to the Silver Bell Company or to Steinfeld, and, upon the findings of fact or "statement of the facts of the case" before it, the supreme court of the United States determined as question of law the issue against Steinfeld and in favor of the Silver Bell Company. An inspection of the judgment appealed from discloses that it is in accordance with the opinion and judgment of the supreme court, in that it is against Steinfeld and in favor of the Silver Bell Company for the amount of money and the property appropriated by Steinfeld to his own use,

less certain allowances and credits given to Steinfeld, with the further general provision that the receiver for the Silver Bell Company shall pay to Steinfeld all sums of money heretofore necessarily paid by him for and on account of the Silver Bell Company after an account of same has been presented, audited, and approved by the court.

The judgment also allows the Silver Bell Company interest at six per cent per annum on the amounts recovered, from the date of the wrongful conversion of such sums by Steinfeld, and of this he complains. We think this was "according to right and justice and the laws of the United States," and in conformity with the opinion of the supreme court.

In *United States* v. *North Carolina,* 136 U. S. 211, 222, 34 L. Ed. 336, 341, 10 Sup. Ct. Rep. 920, 922, the court said: "Interest, when not stipulated for by contract, or authorized by statute, is allowed by the courts as damages for the detention of money or property, or of compensation, to which the plaintiff is entitled."

It is stated as a general principle in *Stewart* v. *Barnes,* 153 U. S. 456, 462, 38 L. Ed. 981–985, 14 Sup. Ct. Rep. 849, 851: "Where money is retained by one man against the declared will of another who is entitled to receive it, and who is thus deprived of its use, the rule of courts in ordinary cases is, in suits brought for the recovery of the money, to allow interest as compensation to the creditors for such loss. Interest in such cases is considered as damages, and does not form the basis of the action, but is an incident to the recovery of the principal debt."

The conclusion of the court was that Steinfeld had converted this large sum of money to his own use. Its rightful owner had been deprived of its use and the fruits thereof for some nine or ten years. It cannot be said that the lawful owner of property is fairly or reasonably compensated by an award of the return to him of his property or its value, without damages for its use and detention. As we understand it, the general rule, both at law and in equity, is that the owner is entitled to the return of his property or its value at the time of its wrongful conversion, together with damages which are usually estimated at the legal rate in the absence of a statutory rule. 22 Cyc. 1495; *Cooper* v. *Hill,* 94 Fed. 582,

36 C. C. A. 402; *Brown* v. *First National Bank,* 49 Colo. 393, 113 Pac. 483.

Appellant complains specifically of interest being charged on an item of $25,750, one of the sums sued for and found to belong to the Silver Bell Company for the reason, as he asserts, he was holding it as garnishee in a suit against the Silver Bell Company by one Franklin. We think the judgment entered fully protects Steinfeld by providing that he may "render an account of all moneys legally and lawfully paid out by him by reason of a garnishment served upon him in the case of *S. M. Franklin* v. *Silver Bell Copper Company,*" on which sum interest at six per cent per annum shall be calculated from January 16, 1904, to date of settlement, and that execution issue for balance only.

The plaintiff appellee was given judgment against the Silver Bell Company in an amount equal to ten per cent of the total recovery as attorney's fees for bringing and prosecuting the action to judgment. The court refused to hear evidence of the value of the services rendered by the attorneys upon the offer of appellant, and proceeded to render judgment for ten per cent of amount recovered, upon the theory that it was bound by a finding of the territorial supreme court, certified in its findings of fact to the United States supreme court, to the effect "that ten per cent of the amount for which judgment is finally given in this action is and will be a reasonable amount to be allowed plaintiff as a charge against said Silver Bell Copper Company as attorney's fees for bringing and prosecuting this action for its benefit." This finding of fact by the territorial supreme court was binding upon the federal supreme court, at the hearing before it, and, upon another appeal, will be binding upon it. We think it was likewise binding upon the superior court.

A motion was made by appellants to discharge the receiver theretofore appointed by the district court of Pima county. The disallowance of this motion is assigned as error. We think the answer to this assignment is found in this language of the supreme court: "It is contended that it was wrong to appoint a receiver in the case, but we think that, in view of the situation of the property and the final winding up of the company, the appointment of the receiver was proper, and that that officer should be continued for the final settlement

of the affairs of the company.'' *Zeckendorf* v. *Steinfeld,* 225 U. S. 445, 459, 56 L. Ed. 1156, 32 Sup. Ct. Rep. 728.

The judgment against appellant Steinfeld is, in our opinion, in conformity with the opinion and judgment of the supreme court of the United States, as according to right and justice and the laws of the United States, and the motion to dismiss Steinfeld's appeal is granted. Appellants Shelton, Curtis and Mammoth Copper Company were in no wise affected by the judgment, and the motion to dismiss the appeals as to them will be granted.

This action was prosecuted by appellee as a stockholder therein for the benefit of the Silver Bell Company, and, as a result thereof, the company has been enriched to the amount recovered. The company can have no standing in this court as an appellant from that part of the judgment. Right and justice require that the company protect the appellee against any costs that he may have incurred in the employment of attorneys or otherwise, and, to that end, judgment was entered in appellee's favor against the company, and the receiver directed to pay the same out of the moneys recovered. The judgment in that respect is consistent with the opinion of the supreme court.

An examination of the bonds on appeal makes it very difficult to determine that the Silver Bell Company considered itself aggrieved or injured by the judgment, for in the bonds on appeal it appears in the equivocal position of both obligor and obligee. These bonds are made to itself by itself. The officers of the company who executed these bonds are shown by the findings of fact to be under the control and domination of appellant Steinfeld. We recite these circumstances as bearing upon the motion by the receiver of the Silver Bell Company that the appeal, as to it, be dismissed. The receiver is not dissatisfied with the judgment, and appellant Steinfeld as a stockholder is not complaining, for he is as much benefited as a stockholder as is the appellee. The attorneys who represent appellant Steinfeld also represent the Silver Bell Company. A termination of this litigation successfully to Steinfeld would lead to most disastrous results to the company. So we conclude that, even though ordinarily the receiver might not dismiss an appeal being prosecuted by the officers of a

company, in the circumstances of this case, the motion to dismiss should be granted.

The appeals should be dismissed, and it is so ordered.

FRANKLIN, C. J., and CUNNINGHAM, J., concur.

Application for rehearing denied.