GEORGE W. AND HENRY SIZER, PLAINTIFFS IN ERROR, v. WILLIAM V. MANY.

Where a judgment in a patent case was affirmed by this court with a blank in the record for costs, and the Circuit Court afterwards taxed these costs at a sum less than two thousand dollars, and allowed a writ of error to this court, this writ must be dismissed on motion.

The writ of error brings up only the proceedings subsequent to the mandate; and there is no jurisdiction where the amount is less than two thousand dollars, either under the general law or the discretion allowed by the patent law. The latter only relates to cases which involve the construction of the patent laws and the claims and rights of patentees under them.

As a matter of practice this court decides, that it is proper for circuit courts to allow costs to be taxed, nunc pro tunc, after the receipt of the mandate from this court.

THIS case was brought up by writ of error, from the Circuit Court of the United States for the District of Massachusetts.

Mr. George T. Curtis, on behalf of the defendant in error, moved to dismiss the writ of error for the want of jurisdiction.

The circumstances were these:

At the October term, in the year 1848, of the Circuit Court of the United States for Massachusetts District, Many, the defendant in error, recovered a judgment against the plaintiffs in error, in an action for the infringement of letters-patent, which was entered and recorded in the words following:

"It is thereupon considered by the court that the said William V. Many recover against the said George W. and Henry Sizer the sum of seventeen hundred and thirty-three dollars and seventy-five cents damages, and costs of suit taxed at      ."

The said Sizers thereupon, at the same term of the Circuit Court, sued out a writ of error to this court, for the purpose of having the said judgment revised. This writ of error was duly entered and prosecuted in this court, and at the December term, 1851, the judgment of the Circuit Court was affirmed by a divided court, and therefore it is not reported in Howard.

The mandate which went down, recited the judgment of the Circuit Court as above given, and then proceeded thus:

"You therefore are hereby commanded that such execution and proceedings be had in said cause as, according to right

and justice and the laws of the United States, ought to be had, the said writ of error notwithstanding."

On the receipt of this mandate, the attorney for the defendant in error (the original plaintiff below) presented the same to the Circuit Court, held by the district judge, and applied for leave to have the costs in the action taxed and inserted in the blank left in the original record of the judgment. This motion was refused by the district judge.

The defendant in error thereupon, at the December term of this court, in the year 1852, applied to this court for a *manda- mus* to direct the court below to tax and allow his costs in the original action, amounting to $1,811.59. The court refused the application, for reasons which appear in the case. Ex parte Many, 14 Howard, 24.

In May, 1853, *Mr. Curtis*, counsel for Many, renewed his motion to the district judge, setting out in writing the mandate of this court in the original cause, and the amount of the costs, and praying the court to make an order allowing of their taxa- tion and insertion in the original judgment; and praying for execution as directed by the mandate of this court.

Opposition was made to this motion by Sizer et al., but the motion was granted, as appears by the following extract from the record. It is proper to remark that the court was held by the district judge alone, Mr. Justice Curtis having been of counsel and not sitting. The costs in the Circuit Court amount- ed to $1,811.59.

And the said Sizer et al., by their counsel, objected to the granting of the said motion for an allocatur as to the said costs, or to their being inserted in the judgment, and claimed and requested that if the court should allow the said costs, and direct the clerk to insert the amount in the record of said judgment, then the defendants should have a right to sue out a writ of error, and for that purpose, that the court here should either certify that it is reasonable that there should be such writ of error, or should add interest upon the amount of said costs from the time of the rendition of the original judgment to the present time, so as to make the amount more than two thousand dol- lars, and that no execution should issue if, within ten days, a writ of error should be sued out, and security given according to law; to which claims and requests, made by the defendants, the plaintiffs objected, and insisted upon the said motion.

And now the court having considered the said motion filed by the plaintiff, and the objections, claims, and requests made by the defendants, and deeming it to be the legal right of the plaintiff to have the said costs allowed, and the amount thereof inserted in the original judgment in this cause, and that it is

not within the discretion of the court to allow or disallow the same, it is ordered by the court that the said costs, as taxed in said motion, be allowed, and that the amount thereof be inserted in the original judgment in this cause.

And the court here doth deem it reasonable that the said defendants should be allowed to bring a writ of error to the Supreme Court; and it is further ordered by the court, that execution, as prayed for in said motion of the plaintiff, shall issue after the expiration of ten days, Sundays exclusive, from the making of the order, unless the said defendant shall, within said ten days, give security according to law, and serve a writ of error, by leaving a copy thereof for the plaintiff in the office of the clerk of this court; and if such security should be given, and such service made within ten days, then that execution should not issue until the further order of the court.

By the court,                          H. W. FULLER, *Clerk.*

The writ of error was sued out and brought all these proceedings up to this court.

The motion to dismiss was argued by *Mr. Curtis*, in favor of it, and by *Mr. Robb*, against it.

*Mr. Curtis.* The writ of error now before the court, although it brings up the proceedings in the Circuit Court prior to the mandate in the original cause, in contemplation of law can present for revision here solely the question, whether the Circuit Court erred in making the order by which the costs were allowed and directed to be inserted in the original judgment.

Over this question this court can have no jurisdiction, because,

1. The amount in controversy is less than $2,000.

The sole amount, or item, in controversy under the motion of the plaintiff below, and involved in the order of the Circuit Court thereon, was the costs prayed for, being $1,811.59.

The original judgment had been reviewed in this court by the first writ of error; and after a mandate has issued from this court, affirming a judgment below, and directing execution, a second writ of error can bring up nothing but the proceedings subsequent to the mandate. Ex parte Sibbald, 12 Pet. 488, 492. Browder. v. McArthur, 7 Wheat. 58.

It cannot be pretended that this court can acquire jurisdiction of this writ of error upon the ground that the court below has allowed it in the exercise of a discretion conferred by statute, (July 4, 1836, sec. 17,) in patent cases, where the amount in controversy is less than $2,000. The settled construction of that statute is, that it confers a discretion on the courts below, to allow writs of error in cases where the amount in controversy

is less than $2,000, for the purpose of having some question settled that involves the construction of the patent acts. Hogg *v.* Emerson, 6 How. 439, 478; Wilson *v.* Sandford, 10 How. 99. The court below, by allowing the first writ of error, which brought up the original judgment for a revision of the merits of the case, had exhausted all the discretion that the statute confers; and the question of allowing the plaintiff's costs to be taxed *nunc pro tunc*, and inserted in the judgment, had nothing to do with the construction of the patent laws.

Again, this court cannot take jurisdiction of this writ of error, because,

2. The order of the court below, although in form a final order or judgment, is, in fact and substance, an interlocutory order. The part of the order of which the plaintiffs in error complain, is that allowing the costs; and this was asked and allowed as a proceeding *nunc pro tunc*, and therefore was in contemplation of law prior to the final judgment from which the first writ of error was prosecuted. That part of the order which allows the execution, in case the writ of error is not prosecuted within ten days, is not a final judgment, in the sense of the Judiciary Act.

*Mr. Robb* made the following points:

1. The amount in dispute between the parties exceeds the sum of $2,000, although the amount of costs allowed by the court below to be inserted in the judgment, by way of amendment, is less than that sum. The necessary result of the allowance of the amendment is to subject the plaintiff to the payment of $2,300, and upwards.

2. The defendant in error cannot by a voluntary *remittitur* of the excess above $2,000, against the consent of the plaintiffs in error, defeat their right to a writ of error from this court.

3. This court will not regard the order of the court below, allowing the amendment as a proceeding *nunc pro tunc*, and as of the October term, 1848, of that court, if thereby the right of appeal to this court will be defeated.

4. The proceedings of the court below, in the execution of the mandate, are the subject of revision by this court. And it is error in the inferior court to grant any relief whatever after the mandate, or to examine it for any other purpose than execution. Ex parte Sibbald, 12 Pet. 492.

And the order or judgment purporting to be pursuant to and in execution of the mandate will be reviewed by this court. And if it appear by the record that such order is at variance with the mandate, the court will exercise jurisdiction for the purpose of examining into the grounds of such variance. The variance in this case is matter of substance. In contemplation of law, a

judgment for a sum expressed as damages and "costs to be taxed," or taxed at         , is a judgment for damages alone, and execution can issue only for that sum. Cook et al. *v.* Brister, 4 Har. 73, and cases cited. This court will exercise jurisdiction over such proceedings, although the additional relief erroneously granted in the court below be less in amount than $2,000.

5. This cause is now for the first time properly before this court upon the entire record, and the previous writ of error and the proceedings thereon in this court were without jurisdiction, because the judgment of the Circuit Court upon which it was brought was not final. When costs are taxed upon a judgment, such taxation is to be considered as the period at which final judgment is pronounced. Salter *v.* Slade, 3 Nev. & M. 717; Butler *v.* Bulkeley, 8 Moore, 104; 1 Bing. 233; Godson *v.* Lloyd, 1 Gale, 244; Wright *v.* Lewis, 4 Jur. 1112, B. c.; Blackburn *v.* Kymer, 1 Chas. Marshal, 278. And the order of the court allowing the costs to be taxed should be treated as the completion of the judgment of the Circuit Court in the cause.

6. The present writ of error, therefore, is properly allowed by the court below in the exercise of the discretion conferred by the 17th section of the act of July 4, 1836.

Mr. Chief Justice TANEY delivered the opinion of the court.

A motion has been made to dismiss the writ of error in this case for want of jurisdiction.

The case as it comes before us is this: Many, the defendant in error, in the year 1848, recovered a judgment in the Circuit Court for the District of Massachusetts, against the plaintiffs in error, in an action for the infringement of certain letters-patent. The verdict and judgment was for less than $2,000, but the writ of error to remove the case to this court was allowed under the patent law of 1836. From some oversight or accident the costs were not taxed in the Circuit Court before the transcript of the record was transmitted to this court. And the judgment as it stood upon the transcript was for the damages awarded by the jury, and costs of suit — leaving a blank space open for the insertion of the amount of the costs.

The judgment of the Circuit Court was affirmed at the December term, 1851, and the usual mandate sent down directing execution.

Upon the receipt of the mandate by the Circuit Court the defendant in error applied for leave to have the costs taxed and the amount inserted in the blank left for that purpose in the original record of the judgment. The motion was refused. And thereupon the defendant in error at December term, 1852, applied to

this court for a *mandamus* directing the court below to tax and allow his costs in the original action, amounting, as he alleged, to $1,811.59. But the court refused the motion, upon the ground that a *mandamus* could not lawfully be issued to a Circuit Court to guide its judgment in the taxation of costs.

At a subsequent term of the Circuit Court, the defendant in error renewed his motion, for an order allowing the taxation of these costs and their insertion in the original judgment; and the court thereupon allowed the taxation of costs, and directed the amount above mentioned to be inserted in the original judgment. But the court at the same time allowed a writ of error from their decision, and ordered that this second writ of error should operate as a *supersedeas* of the execution prayed for, if sued out within the time fixed by law. It is this writ of error that is now before the court, and which the defendant in error has moved to dismiss.

It has been settled, by the decisions of this court, that after a case has been brought here and decided, and a mandate issued to the court below, if a second writ of error is sued out it brings up for revision nothing but the proceedings subsequent to the mandate. None of the questions which were before the court on the first writ of error can be reheard or reëxamined upon the second; and there is nothing therefore now before the court but the taxation of costs. 7 Wheat. 58; 12 Pat. 488, 492.

The sum taxed being less than $2,000, no writ of error will lie under the act of 1789. This act gives no jurisdiction to this court over the judgment of a Circuit Court, where the judgment is for less than that sum.

Neither can the allowance of the writ by the Circuit Court give jurisdiction, where the only question is the amount of costs to be taxed; and the amount allowed is less than $2,000. The discretionary power in this respect vested in the circuit courts by the act of July 4, 1836, sec. 17, is evidently confined to cases which involve the construction of the patent laws, and the claims and rights of patentees under them. But the amount of costs which either party shall be entitled to recover is not regulated by these laws. The costs claimed are allowed or refused in controversies arising under the patent acts, upon the same principles and by the same laws, which govern the court in the taxation of costs in any other case that may come before it. The same laws, therefore, must be applied to them in relation to the writ of error, and must limit the jurisdiction of this court as in other cases.

The writ of error must therefore be dismissed for want of jurisdiction. But as the question raised in this case may often occur in the circuit courts; and it is important that the prac-

tice should be uniform, it is proper to say, that we consider the decision of the Circuit Court allowing those costs to be taxed after the receipt of the mandate from this court, to have been correct, and conformable to the general practice of the courts. The costs are perhaps never in fact taxed until after the judgment is rendered; and in many cases, cannot be taxed until afterwards. And where this is the case the amount ascertained is usually, under the direction of the court, entered *nunc pro tunc* as a part of the original judgment. And this mode of proceeding is necessary for the purposes of justice, in order to afford the necessary time to examine and decide upon the several items of costs, to which the successful party is lawfully entitled.

### *Order.*

This cause came on to be heard on the transcript of the record, from the Circuit Court of the United States, for the District of Massachusetts, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged, by this court, that this cause be, and the same is hereby dismissed for the want of jurisdiction.