WILLIAM V. MANY *vs.* GEORGE W. SIZER & another.

A plaintiff recovered judgment in the circuit court of the United States for a certain amount of damages and costs, a blank for which last was left in the record; and that court afterwards, on the plaintiff's motion, completed the record by inserting the amount of costs, and allowed a writ of error to the supreme court of the United States, upon the defendant's giving bond reciting that the plaintiff had recovered judgment against him, and conditioned to prosecute his writ of error, and if he should fail to obtain a reversal of the judgment, then to pay the amount of the judgment. *Held*, that on the dismissal of the writ of error by the supreme court of the United States, the defendant was liable, under his bond, for the amount of the original judgment, as subsequently amended by inserting the amount of costs.

Taking out execution on a judgment is no waiver of the right to bring an action on a bond, given upon suing out a writ of error, to pay the amount of the judgment, if not reversed

ACTION OF CONTRACT upon a bond dated June 8th 1853, the condition of which was thus : " Whereas the said William V. Many has recovered judgment in the circuit court of the United States for the district of Massachusetts against the said George W. Sizer and Henry Sizer, late copartners ; and whereas a writ of error has been sued out upon said judgment, returnable to the supreme court of the United States, to be holden at Washington on the first Monday of December next. Now therefore, if the said George W. Sizer and Henry Sizer shall enter and prosecute the said writ of error to the effect that the judgment of the said circuit court be reversed and set aside, then this bond shall be void, otherwise it shall remain in full force and effect; and upon the further condition that, if the said judgment be not set aside as aforesaid, then, if the said George W. and Henry shall pay or cause to be paid to the said Many the amount of the judgment aforesaid, together with such damages and costs as the said supreme court shall award, then this bond shall be void, otherwise it shall remain in full force and effect."

A trial was had before *Merrick*, J., who made a report thereof to the whole court, the substance of which appears in their opin ion delivered by

MERRICK, J. The proposed defence to the present action is founded upon a misapprehension of the legal effect of certain

proceedings in the circuit court of the United States for the district of Massachusetts. At October term of that court 1848, in an action then pending there between these parties for the infringement of a patent right, the plaintiff recovered judgment against the defendants for the sum of $1733,75, and costs of suit. But the costs of suit were not then taxed, and the record was afterwards made up without inserting therein a statement of the amount of costs recovered, leaving a blank space for that purpose to be filled up afterwards. A writ of error to reverse that judgment having been sued out by the defendants in the supreme court of the United States, all further proceedings in the original suit were suspended in the circuit court, and no execution was then issued upon the judgment which had been rendered for the plaintiff. But after the writ of error had been finally disposed of, and the judgment of the circuit court had been affirmed, the plaintiff applied by motion to the last mentioned court for leave to tax and file his bill of costs and to have the amount thereof duly entered of record. The motion then made by the plaintiff for this purpose was refused. But a similar motion having been subsequently made, at May term of the court 1853, it was, upon reconsideration, allowed, and the record was ordered to be amended and completed accordingly. As thus finally extended, the judgment for the plaintiff appears to be for $1733,75 damages, and costs of suit, taxed at $1811,80. As soon as the question upon this last motion was determined and the motion itself allowed by the presiding judge, the defendants desired to sue out another writ of error to reverse what they then, and still at the time of the argument of this cause, denominated the judgment of the court for costs. This they were allowed by the judge of the circuit court to do; and thereupon in pursuance of a judicial order to that effect, the defendants made and filed the bond which is declared on in the present suit—the condition of the bond being, in substance, that the defendants should pay the judgment recovered by the plaintiff against them, in case they should fail to procure a reversal of it upon the prosecution of their writ of error. They did fail to procure any such reversal. *Sizer* v. *Many,* 16 How. 98.

The plaintiff therefore being entitled to recover in this action in which he declares upon a breach of the condition of the bond, the only question between the parties is as to the amount for which judgment shall now be rendered ; the defendants contending that the plaintiff is limited to the recovery of the amount of the said costs taxed and entered of record in pursuance of the order of the circuit court at May Term 1853. But this position rests upon the misapprehension already alluded to. The plaintiff is entitled to recover in this action the amount of the judgment rendered in his behalf in the circuit court. And there was but one such judgment there; and that was the judgment rendered at October term 1848 for $1733,75 damages, and costs of suit, which were afterwards, in May 1853, taxed by leave and order of the court and then entered of record in the blank space which had before been left for that purpose. The decision of the court, upon the motion of the plaintiff to be permitted to tax his costs, was not a judgment, in any proper sense of that word ; it was only a determination of the question arising upon the motion of the plaintiff to be allowed to do what was necessary to complete the record of the judgment already rendered in his behalf. As this is the only judgment which the plaintiff did, at any time, in fact recover against the defendants in the circuit court, he is entitled now, upon the breach of the condition of the bond declared upon in the present suit, to recover the full amount of the judgment, which embraces both the damages awarded by the jury and the costs subsequently taxed under the direction of the court.

This view of the subject is sufficient to terminate the controversy between the parties in the present action. But considered upon different grounds, the same result would necessarily be reached. The bond given by the defendants was not taken by the plaintiffs upon any agreement between the parties, but was executed by the defendant in pursuance of a judicial order made in the circuit court, in conformity with the requirements of the statute of the United States regulating the course of proceeding where writs of error upon judgments there rendered are allowed to be sued out; but it is the settled rule of construction in the

courts of the United States, in relation to such bonds, that, being made upon condition to pay the plaintiff his damages and costs, the defendant undertakes and engages, upon his failure to prosecute his writ of error with success, to pay the full and entire judgment which the plaintiff had before recovered against him. *Callett* v. *Brodie*, 9 Wheat. 533. Applying that rule to the present case, the result is the same as that, before mentioned, to which we arrived by the process of reasoning first adopted.

The right of action on the bond and an execution on the judgment are independent remedies, either or both of which may be enforced by the creditor. There is no foundation therefore for the defendant's positions that the bond was a substitute for an execution, and that the subsequent taking out of an execution was a waiver of all rights under the bond. *Cushing* v. *Arnold*, 9 Met. 23.

Judgment must therefore now be entered for the plaintiff for $3545.64, with interest from the time of the rendition of the judgment at the term of the circuit court in October 1848.

*G. T. Curtis & C. P. Curtis, Jr.* for the plaintiff.

*J. B. Robb,* for the defendants.