COBURN and others *v.* SCHROEDER and others.

(*Circuit Court, S. D. New York.* August 3, 1881.)

1. INTERLOCUTORY DECREE—"GAINS, SAVINGS, AND ADVANTAGES"—COSTS.

   An interlocutory decree directing an account of the *gains, savings, and advantages* due to the infringement of a patent, in addition to the *profits*, and awarding *costs, held*, to be proper.

2. COSTS IN EQUITY—HOW AWARDED.

   Costs generally, in equity, do not follow as a matter of right, as in proceedings at law, but are subject to the discretion of the court, and are awarded as part of the decree, or they cannot be recovered.

*Andrew J. Todd*, for orators.

*Samuel Greenbaum*, for defendants.

WHEELER, D. J. Objection is made to the proposed decree in this case because an account is directed of the gains, profits, savings, and advantages of the infringement, instead of profits merely, and because costs are awarded, to be taxed, with execution to issue, by

it as drawn. Section 4921, Rev. St., is referred to as providing for the recovery of profits only. But the right of recovery for infringement of a patent does not rest upon that section wholly. Before the act of 1870, part of which was brought into that section, was passed, damages for infringements could not be recovered in equity. The right of recovery rested upon the general provisions of the statutes by virtue of which patents were granted, and the general principles of law upon which relief in equity is afforded. That statute enlarged the jurisdiction of courts of equity by providing that damages, in addition to profits to be accounted for, might be recovered. This did not restrict the right to recover for gains, savings, or advantages recoverable before, when they resulted to the infringer from the infringement. All questions as to whether the gains, savings, or advantages are such as are due to the infringement, and as the defendants are legally accountable for, will arise upon the accounting. These words seem to be proper, although perhaps they are not necessary in such a decree.

Costs generally, in proceedings in equity, do not follow as matter of right, as in proceedings at law, but are subject to the discretion of the court, and are to be awarded as a part of the decree or they cannot be recovered, although they may be, and generally are, taxed after the decree. *Sizer* v. *Many*, 16 How. 98. The determination as to costs must ordinarily be made upon the hearing in chief. It is then that the merits of the case are gone into. This hearing was in chief, and in its nature final, although the decree is interlocutory. The costs cannot be taxed fully, and no execution can properly issue until the final decree; but still now is the time to determine in regard to them and award or refuse them. They are awarded as usual, unless there are special circumstances to govern otherwise, to the prevailing party. It is said that with this award and direction a bond and *supersedeas* will be too late to stay the execution on appeal. But this objection is not well founded. The whole matter must wait until after the final decree before any execution can issue, and then an appeal and *supersedeas* seasonably taken out will, under the statute and rules, stay the execution. The whole decree seems to be proper, and is signed as presented.