### REPUBLICAN MIN. CO. v. TYLER MIN. CO.

(Circuit Court of Appeals, Ninth Circuit. February 1, 1897.)

#### No. 306.

1. APPEAL AND ERROR—SECOND WRIT OF ERROR—PRIOR DECISION.

Where a case has been brought before an appellate court, and there decided, a second writ of error brings up nothing for review but the proceedings subsequent to the mandate; and the appellate court is not bound to consider any of the questions which were before it on the first writ of error.

2. MINING LOCATIONS—EXTRALATERAL RIGHTS.

When a lode enters an end line of a regularly located mining claim, and runs in its course lengthwise, nearly parallel with the side lines of the claim for the greater part of the length of the claim, the owners of the claim are not deprived of the extralateral rights attached to it because the lode crosses a side line before reaching the other end line, but the extralateral rights will extend from the end at which the lode enters to the point at which it crosses the side line, whether a new end line is regarded as being drawn at that point or not. Mining Co. v. Sweeney, 4 C. C. A. 329, 54 Fed. 284, and Last Chance Min. Co. v. Tyler Min. Co., 9 C. C. A. 613, 61 Fed. 557, reaffirmed.

In Error to the Circuit Court of the United States for the District of Idaho.

This cause was tried before the circuit court, a jury having been waived by stipulation of the parties, as provided by section 649 of the Revised Statutes, upon an agreed statement of facts, which will be found in Mining Co. v. Sweeney, 79 Fed. 277, to which reference is here made. The portion which relates particularly to this case, and is not copied in that case, is as follows: "It is further agreed that the Republican Fraction mining claim was duly located on the 1st day of November, 1885, and that the said location, so far as the making said discovery, marking said surface boundary, and recording such locations are concerned, was made in conformity with the law, and that the annual labor required by law has been duly performed therein; that the vein discovered in the said Republican Fraction mining claim is the same vein which passes out through the southerly side line of the Tyler claim. It is agreed that the vein on which the said Tyler, Last Chance, and Republican Fraction claims are located passes on its said dip underneath the surface limits of the Last Chance Fraction and Skookum Fraction claims, as they are laid down in said diagram." The diagram referred to in the statement of facts will be found in Mining Co. v. Sweeney, 79 Fed. 277.

The following diagram shows the relative position of the said claims upon which the lode is shown to pass, it being of the width of about 300 feet. It also shows the tunnels and works passing from the Tyler claim into the Republican Fraction claim, and the slope from which the Tyler Mining Company has been, and now is, seeking to extract ore, within the lines of the Republican Fraction claim, and the dates of the respective locations.

W. B. Heyburn, for plaintiff in error.

John R. McBride, for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

HAWLEY, District Judge (after stating the facts). It is claimed that the court erred, among other things, in finding, as a conclusion of law:

"That the plaintiff, the Tyler Mining Company, is entitled to judgment against the Idaho Mining Company and the Republican Mining Company for the possession of those certain premises described in the complaint and in the agreed statement of facts, to wit, that certain ledge or vein in place bearing valuable minerals, having its outcrop and apex within the limits of the Tyler mining claim, as described in said agreed statement of facts, with the right to follow, as against the Republican and Idaho Mining Companies, such ledge or vein upon its descent into the earth to any depth between the two perpendicular planes continued in their own direction past through the two end lines of the Tyler claim, as the same is now described in the patent issued by the United States for such claim, even though such vein shall extend outside the vertical side line of said Tyler mining claim, and under the Republican Fraction, the Last Chance Fraction, and the Skookum Fraction mining claims, claimed by said defendant the Republican and Idaho Mining Companies."

The conclusions of law upon the agreed statement of facts are in harmony with the decisions of this court, as will hereafter more clearly appear.

The contention of the plaintiff in error is that the defendant in error has no extralateral right to follow the lode or vein in the Tyler mining claim in its downward course beyond the southerly side line of the Tyler claim, for the reason that, as is shown in the diagram, the lode or vein passes through the side line of the Tyler location. It is further contended that any rights which the defendant in error may have by virtue of its ownership of the Tyler claim must date from the establishment of "the intermediate end line first made on the ground after the commencement of this action."

Both of these questions have been decided by this court adversely to the contention of plaintiff in error. It is well settled by numerous decisions of the supreme court that where a case has been brought before an appellate court, and there decided, a second writ of error brings up nothing for review but the proceedings subsequent to the mandate; that the appellate court is not bound to consider any of the questions which were before the court on the first writ of error.

In Roberts v. Cooper, 20 How. 481, the court said:

"It has been settled by the decisions of this court that after a case has been brought here and decided, and a mandate issued to the court below, if a second writ of error is sued out, it brings up for revision nothing but the proceedings subsequent to the mandate. None of the questions which were before the court on the first writ of error can be reheard or examined upon the second. To allow a second writ of error or appeal to a court of last resort on the same questions which were open to dispute on the first would lead to endless litigation. In chancery, a bill of review is sometimes allowed on petition to the court; but there would be no end to a suit if every obstinate litigant could, by repeated appeals, compel a court to listen to criticisms on their opinions, or speculate on chances from changes in its members. See Sizer v. Many, 16 How. 98; Corning v. Iron Co., 15 How. 466; Rose v. Himeley, 5 Cranch, 515; Canter v. Insurance Co., 1 Pet. 511; The Santa Maria, 10 Wheat. 431; Martin v. Hunter's Lessee, 1 Wheat. 304; and Sibbald v. U. S., 12 Pet. 488."

In Mining Co. v. Sweeney, 4 C. C. A. 329, 54 Fed. 284, and Last Chance Min. Co. v. Tyler Min. Co., 9 C. C. A. 613, 61 Fed. 557, this court decided that where a lode enters an end line of a regularly located mining claim, and runs in its course lengthwise, nearly parallel with the side lines of the claim for the greater part of the length of the claim, the owners of the claim are not deprived of the extralateral rights attached to the claim, under the provisions of section 2322, Rev. St., because the lode or vein crosses a side line before reaching the other end line; that the true construction of the statute is that, when the lode or vein crosses a side line before reaching the other end line, the owner's extralateral rights will extend from the end at which the lode enters to the point on the lode at which it crosses the side line. Numerous authorities were cited in support of these views. The following additional authorities sustain the principles therein announced: Consolidated Wyoming Gold Min. Co. v. Champion Min. Co., 63 Fed. 540, 546; Del

Monte Mining & Milling Co. v. New York & L. C. Min. Co., 66 Fed. 212, 215.

In reply to the criticism of counsel with reference to the right to draw the intermediate end line at the point where the lode crosses the southerly side line of the Tyler, we quote the language of Judge Hallett in Del Monte Mining & Milling Co. v. New York & L. C. Min. Co., supra, as follows:

"It is said that we cannot make a new end line at the point of divergence or elsewhere, because the court cannot make a new location, or in any way change that made by the parties. Iron Silver Min. Co. v. Elgin Min. & Smelting Co., 118 U. S. 196, 6 Sup. Ct. 1177. This, however, is not necessary. We can keep within the end lines fixed by the locator in respect to any extra-lateral right that may be recognized without drawing any line; and, if there be magic in the word 'line,' it will be better not to use it."

In Last Chance Min. Co. v. Tyler Min. Co., 157 U. S. 683, 696, 15 Sup. Ct. 733, the court declined to consider this question, because, under the views expressed by the court upon another branch of the case, it was deemed unnecessary so to do.

There is no decided case to which our attention has been called in opposition to the views heretofore expressed by this court upon the questions involved in this case. The judgment of the circuit court is affirmed, with costs.