[No. 1979.   June 28, 1917.]

STATE ex rel. GARCIA, Sheriff, v. BOARD OF COM'RS OF RIO ARRIBA COUNTY.

(Rehearing Denied July, 1917.)

SYLLABUS BY THE COURT.

1.   A decision in a prior appeal is the law of the case, and upon a subsequent appeal nothing is before the court for review but the proceedings subsequent to the mandate. Where upon the former appeal no question was raised as to the right of relator to proceed by mandamus, such a question will not be considered upon a subsequent appeal.

P. 566

2.   Evidence not within the issues joined is properly excluded.                                                                    P. 567

State ex rel. Garcia v. Brd. Com'rs., 22 N. M. 562.

3. A counterclaim or set-off must always be specially pleaded.

P. 569

4. Where a board of county commissioners arbitrarily refuses to audit and allow a sheriff compensation for deputies employed by him, as required to do by the provisions of chapter 12, Laws 1915, the court properly added interest to the amount found due the sheriff from the date the law became effective; such law providing for the issuance of certificates of indebtedness to such officials bearing interest at the rate of 6 per cent. per annum, where there was not sufficient money in the country treasury to pay or reimburse such officers. P. 567

Appeal from District Court, Rio Arriba County; Neblett, Judge.

Petition by the State of New Mexico, on the relation of Elias Garcia, Sheriff of Rio Arribo County, for a writ of mandamus against the Board of County Commissioners of Rio Arriba County. From a judgment for relator, respondent appeals. Affirmed.

A. M. Edwards Assistant District Attorney for appellant and A. B. Renehan and Daniel K. Sadler, all of Santa Fe, of counsel.

The evidence is insufficient to support the judgment rendered.

17 Cyc. 818; Armijo v. Board of County Com'rs, 11 N. M. 294; Howell v. Medler, 41 Mich. 141, 2 N. W. 911; Chicago Gen'l Ry. Co. v. Kluezejnski, 79 Ill. App. 221; Knickerbocker Ice Co. v. White, 133 Ill. App. 652 Mechanics' Savings Bank v. Scoggin, 52 S. W. 718.

The County was not liable for service rendered by a de facto officer.

29 Cyc. 1393; Stephens v. Campbell, 67 Ark. 484, 55 S. W. 856; Phelon v. Granville, 140 Mass. 386, 5 N. E. 269; Vicksburg v. Groome, (Miss.) 24 So. 306; Commonwealth v. Slifer, 25 Pa. St. 23.

E. P. DAVIES, of Santa Fe for appellee.

The decision on the former appeal of this case constitutes res adjudicata of every issue except the amount for which the sheriff became liable for compensation to the deputy.

4 C. J. 1093-95; 1100; McCorey v. Wallace, 22 Mo. App. 377; Dormoy v. Knower, 55 Ia. 722; Lawson v. Polhemus, 39 N. J. E. 303; Green v. Carotto, 72 Cal. 267; Davidson v. Bank 16 N. M. 689, where New Mexico cases are reviewed, McBee v. McConnell, 19 N. M. 565; Caldwell v. Higginbotham, 20 N. M. 482; Gray v. Taylor, 16 N. M. 171.

Set off must be specially pleaded.

Armijo v. County Com'rs, 11. N. M. 294.

The judgment is supported by substantial evidence.

Candalaria v. Meira, 13 N. M. 360; 84 Pac. 1020; Ter. v. Sais, 15 N. M. 171; 103 Pac. 980; Ter. v. Trapp, 16 N. M. 700; 120 Pac. 702; State v. Aker, 17 N. M. 479; 131 Pac. 489; State v. Lucero 17 N. M. 484; 131 Pac. 491; Goldenberg v. Law, 17 N. M. 546; 131 Pac. 499.

Reply brief of appellant.

Court is not precluded from consideration of all questions raised by appellant, by its decision in the former appeal.

4 C. J. 1101; 2 Enc. J. & P. 379; 4 C. J. 1098; Mutual Life Ins. Co. v. Hill, 193 U. S. 551; Scott v. Cleveland, 183 S. W. (Ark.) 197; Henry v. Atchison, etc., R. C., Kan., 109 Pac. 1005; Alcorn v. Gieske, Calif., 111 Pac. 98; Hunter v. Porter, Idaho, 77 Pac. 434 (439).

## OPINION OF THE COURT.

ROBERTS, J.   This is the second appeal in this case. In the first appeal, reported in 21 N. M. 632, 157 Pac. 656, this court reversed and remanded the judgment of the district court, which denied petitioner the relief sought. The second trial, from which this appeal was taken, was on the same pleadings as those involved in the first appeal. The proceeding was one in mandamus, instituted in the district court of Rio Arriba county by the petitioner, Elias Garcia,

sheriff of said county, seeking to compel the board of county commissioners to allow his claim for $2,158.35, for which sum it was alleged he had become liable or had paid to the deputies employed by him in his official capacity for services rendered, and to order the same paid out of moneys in the treasury of said county, not otherwise lawfully disposed of, or, in case there were not sufficient funds on hand for the purpose, to require the board to issue certificates of indebtedness for such sum.

The petitioner claimed that he was entitled to an allowance of $700 per annum for deputy hire under the provisions of chapter 12, Laws of 1915. Section 2 of the act provided that in counties of the fourth class, in which class Rio Arriba county belonged, deputy sheriffs should receive a total of not to exceed $700 per annum. This chapter was enacted pursuant to the requirements of the Constitution that the Legislature of the state should, at its first session, fix the salary of all county officials, and that such officials should be confined to the salary so fixed. No salary law was enacted, however, during the first session of the Legislature, so that for more than three years there was no provision by law by which sheriffs or their deputies could be legally paid by the county. By section 9 of said chapter it was provided that within 90 days from the date of the passage of the act each county officer should file with the board of county commissioners of his county a true, accurate, and itemized account, under oath, showing all moneys received by such officer by virtue of his office, or by his deputies, and the amount due such officer from the county, and requiring the county to pay such officer any balance due to him. Upon the former appeal we determined that petitioner was entitled to collect from the county the maximum amount of $700 per annum for deputy hire up to the passage and approval of the act in question, if in fact he had either paid or become liable to pay to deputies such amount. Upon the remand of the case the district court took the proofs and awarded relator judgment for the full amount claimed by him, and directed the board of county commissioners to forthwith allow and pay the same, or to issue to him certificates of indebted-

ness in case there were not sufficient funds on hand with which to pay such amount.

[1] Appellant, the board of county commissioners, relies upon seven propositions for reversal. The first is that mandamus was not the proper remedy; second, that the relator had a plain, speedy, and adequate remedy by appeal to the district court from the action of the board of commissioners in disallowing his asserted claim, hence he cannot proceed by mandamus; third, that mandamus will not lie to compel the performance of an act calling for the exercise of judgment or discretion; and, forth, that the action of the respondent board in passing upon the claim of relator involved the exercise of judgment and discretion, and was therefore not subject to control by mandamus. These points relied upon are not available to the appellant, however, upon this appeal, for, while they were not raised upon the former appeal, they could have been raised, and the general rule is that on a second and subsequent appeal or writ of error the court will not consider matters assigned as error which arose prior to the first appeal or writ of error, and which might have been raised thereon, but were not, or matters appearing in the original record which might have been argued on the first hearing,. but were not urged. 4 C. J. 1100. While there are some decisions to the contrary, the rule, as stated, is well settled in this jurisdiction. In the case of Davisson v. Bank, 16 N. M. 689, 120 Pac. 304, upon a subsequent appeal appellant presented the proposition that neither the complaint nor the cross-complaint stated facts sufficient to constitute a cause of action against the appellant bank, neither of which propositions was advanced upon the original appeal. The court said:

"We are precluded from a consideration of this proposition on this appeal. This question could have been raised upon the former appeal. It is the settled law in New Mexico, as well as in the Supreme Court of the United States, that a decision in a prior appeal is the law of the case and that upon a subsequent appeal nothing is before the court for revision but the proceedings subsequent to the mandate."

This decision was followed by this court in the case of

State ex rel. Garcia v. Brd. Com'rs., 22 N. M. 562.

McBee v. O'Connell, 19 N. M. 565, 145 Pac. 123. In the case of Republican Mining Co. v. Tyler Mining Co., 79 Fed. 733, 25 C. C. A. 178, the Circuit Court of Appeals, Eighth Circuit, in discussing this question, said:

"It is well settled by numerous decisions of the Supreme Court that, where a case has been brought before an appellate court and there decided, a second writ of error brings up nothing for review but the proceedings subsequent to the mandate; that the appellate court is not bound to consider any of the questions which were before the court on the first writ of error. In Roberts v. Cooper, 20 How. 481, (15 L. Ed. 969), the court said: 'It has been settled by the decisions of this court that after a case has been brought here and decided, and a mandate issued to the court below, if a second writ of error is sued out, it brings up for revision nothing but the proceedings subsequent to the mandate. None of the questions which were before the court on the first writ of error can be reheard or examined upon the second. To allow a second writ of error on appeal to a court of last resort on the same questions which were open to dispute on the first would lead to endless litigation. In chancery, a bill of review is sometimes allowed on petition to the court; but there would be no end to a suit if every obstinate litigant could, by repeated appeals, compel a court to listen to criticism on their opinions, or speculate on chances from changes in its members. See Sizer v. Many, 16 How. 98 (14 L. Ed. 861); Corning v. Iron Co., 15 How. 466 (14 L. Ed. 768); Himely v. Rose, 5 Cranch, 313 (3 L. Ed. 1111); American Ins. Co. v. Canter, 1 Pet. 511 (7 L. Ed. 242); The Santa Maria, 10 Wheat, 431 (6 L. Ed. 359); Martin v. Hunter's Lessee, 1 Wheat, 304 (4 L. Ed. 97); Sibbald v. United States, 12 Pet. 488 (9 L. Ed. 1167).'"

In the case of U. S. Trust Co. v. New Mexico, 183 U. S. 535, 22 Sup. Ct. 172, 46 L. Ed. 315, Mr. Justice Brewer, speaking for the court said:

"The District Court dismissed the intervening petition on the ground that it presented no claim against the property or the parties. The reversal by this court of such order is an adjudication that upon the face of the petition a valid claim was presented, and is conclusive of such prima facie validity, not merely against objections which were in fact made, but also against those which might have been made."

[2, 4] In fact, the overwhelming weight of authority is to the same effect, and, were this not the rule, it would be possible for a party objecting to a complaint or answer,

or other pleading, on various grounds, to split up his grounds of objection, and have the same determined by the appellate court by piecemeal, and litigation would never be brought to an end. In this case, if mandamus was not the proper remedy, or if the petition failed in other respects to state a cause of action, other than those urged in the objection filed in the trial court which resulted in the appeal, it was the duty of counsel to have called such objections to the attention of the court upon the former appeal, so that the matter could have been determined and an end put to the litigation. For this reason, the above grounds of error urged will not be considered by the court, but we will treat the petition as sufficient.

It is next urged that the evidence is insufficient to support the judgment rendered. We have examined the testimony introduced upon the trial and believe it amply supported the judgment rendered by the court. The relator, Garcia, testified that he had either paid or become liable to pay to his deputies more than the amount he claimed from the county, and that he had filed and presented to the board an itemized statement of his account. Appellant objects because this itemized account was not produced before the court; but no demand was made for the account, and the court evidently regarded the evidence given by relator as sufficient to establish the validity of his claim. It is urged that relator was unable to say how much he had paid or become liable to pay for deputy hire from the time he took office in January, 1912, up to the passage of the salary bill. He did so state, but testified, positively, that it was more than $700 per annum, the maximum amount which he was authorized to pay him. We believe, as stated, that the evidence warranted the judgment rendered.

The next objection urged is that the deputy, Felipe Martinez, for whose alleged service relator makes the greater part of his claim, had never been legally appointed or qualified, and that he was a de facto officer, for whose services the county was not liable in any way. First, it may be stated that the proof did not show that Martinez was a de facto officer. Appellant attempted, upon cross-examination, to establish the fact that Martinez had never

State ex rel. Garcia v. Brd. Com'rs., 22 N. M. 562.

been legally appointed or qualified; but the proof was, upon objection, excluded by the court, apparently upon the ground that no such issue was presented by the pleadings. In the answer filed by the board, it was admitted that relator had filed the itemized account mentioned in his petition, but denied, as a matter of law, that relator was entitled to collect any amount of money from the county for deputy hire. No issue was tendered to the effect that relator was not entitled to collect from the county because the deputies employed by him had not taken the prescribed oath or complied with the other requirements of the law, and, in view of the failure on the part of board to tender such an issue, the court properly excluded the evidence. Evidence, not within the issues joined, should not be admitted. No attempt was made by the appellant, in making up the issue, to question either the account which the appellee had filed with the board of county commissioners or the qualification of the deputies employed by him.

Neither was error committed by the court in excluding evidence as to money received by relator from the county, for no set-off had been pleaded. A counterclaim or set-off must, under any procedure, always be specially pleaded. 31 Cyc. 697.

It is lastly urged that the relator was not entitled to interest on the amount of his claim from March 6, 1915, and that it was, consequently, error for the court to award interest from such date. Under chapter 30, Laws 1915 it became the duty of the board of county commissioners of Rio Arriba county to issue certificates of indebtedness to the relator, if there was not sufficient money in the hands of the treasurer to pay his account, which certificates of indebtedness should bear 6 per cent. interest. This act became a law March 9th. The court allowed relator interest from March 6th. Possibly interest should only have been allowed from the 9th of March, but the error in allowing the three days' more interest than relator was entitled to is so trivial that this court will not notice it. It would be unjust to say that he should receive interest upon certificates issued to him, and that he should be deprived of the same because of the arbitrary refusal of the board of county

commissioners to audit and allow his claim as required by the statute.

Finding no error in the record, the judgment will be affirmed; and it is so ordered.

HANNA, C. J., and PARKER, J., concur.

