(No. 2090. January 29, 1918.)

## CRAWFORD v GURLEY, et el.

### SYLLABUS BY THE COURT.

1. When the findings of the trial court are supported by substantial evidence, the judgment will not be disturbed on appeal.                                          P. 661

2. It is a matter of discretion with the trial court whether it will sustain an objection or grant a motion to strike out evidence which has been admitted theretofore without objection.                                              P. 662

3. The erroneous admission of testimony will afford no

ground for reversal, unless it appears that the court considered the same in deciding the case.    P. 662

Appeal from District Court, Curry County; McClure, Judge.

Action by H. S. Crawford against A. L. Gurley and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Rowells & Reese, of Clovis, for appellants. Patton & Bratton, of Clovis, for appellee.

### OPINION OF THE COURT.

PARKER, J. The appellee, H. S. Crawford, brought an action in the district court for Curry county against A. L. Gurley and H. K. Lindsey, appellants, to recover $250. From a judgment in that sum in favor of appellee the appellants have perfected this appeal.

The case was tried to the court without a jury. The appellee alleged and proved that he and the appellants entered into a written contract by the terms of which he agreed to sell his entire broom corn crop, consisting of three tons, to appellants for $100 per ton, the same to be delivered to appellants by W. J. Cain; that appellants paid $50 on account thereof, and, although three tons of said broom corn were delivered by appellee through said Cain to appellants and received by them, they have failed, neglected and refused to pay for the same. Appellants denied the delivery by Cain of the Crawford broom corn, and sought to recover from appellee the $50 paid to him. The evidence on the part of appellants tended to show that they had advanced Cain a large sum of money on a contract entered into by them and Cain for the delivery and sale of his broom corn, and that he had delivered about fifteen tons under that contract, none of which was the property of the appellee. The trial court admitted testimony on the part of appellee tending to show that, at the time of the execution of the written contract between him and the appellants, the

latter's agent orally agreed that upon the delivery of the Crawford corn by Cain the appellants would deposit the purchase price, less the $50 theretofore paid on account, in a certain bank in Clovis to the credit of appellee, which they subsequently failed and neglected to do. In effect, the trial court found that payments made to Cain were on account of the delivery of Cain's broom corn to appellants and not on account of the delivery of the Crawford broom corn. It also found that three tons of the Crawford broom corn were delivered by Cain to appellants, and that knowledge thereof was brought home to appellants at the time the same was delivered. The court, in the course of its opinion, said:

"As to whether or not the agency of Cain to deliver would imply agency to collect, the court does not think is in the case; if so, his view is the agency was limited and not general under the contract."

[1] The appellants contend that the trial court erred in rendering judgment for appellee because the contract of sale was sufficiently broad to authorize the agent Cain to collect for the Crawford broom corn, and because it is immaterial whether the payments were made before or after the delivery of the Crawford corn by Cain. Objection is also made by the appellants to the action of the court in admitting testimony tending to show a contemporaneous patrol agreement between the appellant's agent and appellee to the effect that the appellants would deposit the purchase price of the Crawford broom corn upon delivery thereof in a designated bank. The trial court having determined this case upon the theory that the broom corn of Crawford was delivered to appellants by Cain and that appellants had knowledge thereof and have failed to pay therefor, and there being substantial evidence to support that conclusion, the findings and judgment of the trial court will not be disturbed on appeal. The trial court only incidentally referred to the proposition that the agency of Cain was limited to the delivery of the Crawford broom corn, hence the several assignments of error made by the appel-

lants and directed to a determination of that question become wholly immaterial.

[2] The contention of appellants that the trial court erred in admitting evidence tending to show the execution of a parol contemporaneous agreement which changed, contradicted, and varied the terms of the written contract, is without merit for several reasons. In the first place, the objection by appellants to such evidence was not taken in apt time. The evidence was received in the first instance without objection on the part of appellants and long after ample opportunity had been afforded them to object thereto they sat silent. Only after much time of the trial court was consumed in taking evidence on this question did appellants make objection thereto. It was therefore within the sound discretion of the trial court to allow or disallow the objection not made in apt time. State v. McKnight, 21 N. M. 14, 28, 153 Pac. 76.

[3] The second reason why the objection to such testimony is rendered unimportant in this case is that it does not appear that the trial court considered such testimony in determining the case. To the contrary it appears that the merits of the case was determined by the trial court without regard to that testimony. Consequently, even if it were assumed that such testimony was erroneously admitted, it does not constitute a ground for reversal of the case. The doctrine is stated in Halford Ditch Co. v. Independent Ditch Co., 22 N. M. 169, 173, 159, Pac. 861, as follows:

"The erroneous admission of testimony will afford no ground for reversal unless it appears that the court considered such testimony in deciding the case."

For the reasons stated the judgment of the trial court will be affirmed; and it is so ordered.

ROBERTS, J., concurs. HANNA, C. J., being absent, did not participate.