[No. 2789. Jan. 8, 1924.]

ESPY v. UNION TRUST & SAVINGS BANK.

### SYLLABUS BY THE COURT

1. In a trial before the court, without a jury, the erroneous admission of testimony affords no ground for reversal. unless it appears that the court considered such testimony in deciding the case.

2. Findings of fact, which are supported by substantial evidence. will not be disturbed on appeal.

Appeal from District Court, Union County; Leib. Judge.

Action by D. A. Espy against the Union Trust & Savings Bank. From a judgment for plaintiff, defendant appeals. Affirmed.

O. P. Easterwood, of Clayton, for appellant.

T. A. Whelan, of Clayton, for appellee.

### OPINION BY THE COURT

BRATTON, J. The controversy in this case involves the sum of $157.06, which the appellee sought to and did recover in the court below; that being the interest at the rate of 6 per cent. per annum from September 5, 1920, to May 13, 1921, upon a certain sum of money in the amount of $3,800 deposited with the appellant in the name of the appellee. The appellee contended that about March 5, 1920, he deposited said sum with the

appellant; that it was then agreed between them that it would bear interest at the rate of 6 per cent per annum so long as it remained on deposit, and that it might be withdrawn by appellee at any time he elected so to do and that after such agreement was entered into, appellant issued its written time certificate of deposit, reciting that such deposit would bear interest at the rate of 6 per cent. per annum for the first six months, provided it was not withdrawn before the expiration of such time, and that thereafter it would bear no interest whatever; that in view of such conditions, at the end of the six months' period, the parties entered into a new and verbal agreement, in substance that such money should remain on deposit subject to withdrawal at the option of the appellee, and that interest thereon at the rate of 6 per cent. per annum would be paid during the time it so remained deposited with the appellant; that under such agreement the money remained on deposit from September 5, 1920, to May 13, 1921, but that appellant, in violation of such verbal agreement, failed and refused to pay any interest thereon whatever, and this suit was instituted to recover the same.

Appellant fully pleaded the original written time certificate of deposit with the provision that it should bear interest at the rate of 6 per cent. per annum during the first six months thereof and no interest thereafter, and specifically denied that any other agreement whatsoever had ever been entered into.

A trial before the court, without the intervention of a jury, resulted in a general finding and judgment in appellee's favor for the full sum sued for.

[1] 1. It is urged by the appellant that the court erred in refusing to strike out the testimony of the appellee to the effect that it was verbally agreed between the parties, at the time the original deposit was made, that it should bear interest at the rate of 6 per cent. per annum so long as such money remained on

deposit.   This contention proceeds upon the theory
that such testimony tended to contradict and vary the
terms of a written agreement; that such agreement,
under the law, merged all prior or contemporaneous
agreements; and that the written certificate was the
best evidence of such agreement.   To sustain this con-
tention, appellant relies upon Locke v. Murdoch, 20 N.
M. 522, 151 Pac. 298, L. R. A. 1917B, 267; Gooch v.
Coleman, 22 N. M. 45, 159 Pac. 945; and Baca v. Flem-
ing, 25 N. M. 643, 187 Pac. 277.   With these general
principles of law we have no quarrel.   On the con-
trary, we readily concede their soundness, but they
have no application to the situation involved here.   The
original agreement made at the time the deposit was
first made, whether written or verbal, was not the one
upon which the appellee sued and recovered, and all
testimony concerning that agreement could not have
prejudiced either party.   It was the subsequent agree-
ment made on September 5, 1920, at the expiration of
the first six months following the first deposit, that
the appellee relied upon.   It is therefore doubtful
whether such evidence was in the least material, and
most certainly it could not have prejudiced either
party.   The action complained of, if erroneous, can
avail appellant nothing.   A general finding in favor of
the appellee was made by the trial court, and no special
findings of fact or conclusions of law were requested
by either party, and there is nothing in the record
which indicates that the testimony now complained of
was considered by the lower court in considering the
case.   It is established by the uniform holdings of this
court that in a trial before the court, without a jury,
the erroneous admission of testimony affords no ground
for reversal unless it appears that the court considered
such testimony in deciding the case.   Radcliffe v.
Chaves, 15 N. M. 258, 119 Pac. 699; Halford Ditch Co.
v. Independent Ditch Co., 22 N. M. 173, 159 Pac. 861;
Crawford v. Gurley, 23 N. M. 659, 170 Pac. 736; Gris-
som v. Grissom, 25 N. M. 518, 185 Pac. 64.

   [2] 2. It is lastly contended that the general find-

ing of fact in favor of the appellee is not supported by any substantial evidence. We have carefully read the entire record and are altogether unable to agree with this contention, as we think there is substantial evidence to support such finding. Under such circumstances, the judgment will not be disturbed on appeal. This is so well established that we deem it unnecessary to cite authorities to support it.

There being no error in the record, the judgment of the lower court should be affirmed, and it is so ordered.

PARKER and BOTTS, JJ., concur.