(No. 2796, Aug. 22, 1924.)

## ROMERO v. HERRERRA et al.

### SYLLABUS BY THE COURT

1. Where all parties at the close of a jury trial move the court for a directed verdict, they are deemed to have waived their right to a trial by jury, and to have agreed that the court shall pass upon the facts.

2. Under such circumstances, findings of fact made by the trial court will not be disturbed on appeal, if they are supported by substantial evidence.

3. A decision on a prior appeal becomes the law of the case upon a subsequent appeal, and is binding upon the litigants.

4. The erroneous admission of evidence in a trial before the court without a jury is not reversible error unless it affirmatively appears that the court took such evidence into consideration in deciding the case.

5. · In a case in ejectment where prior possession is the controlling issue, witnesses may not express their opinion as to who had such possession, as that invides the province of the court or jury, as the case may be. They should only testify to facts from which the question may be determined.

Appeal from District Court, Bernalillo County; Hickey, Judge.

Suit by Andres Romero against Felipe Herrera and others. From a judgment for defendants, plaintiff appeals. Affirmed.

N. B. Field and M. J. Helmick, both of Albuquerque, for appellant.

Marron & Wood, of Albuquerque, for appellees.

### OPINION OF THE COURT

BRATTON, J. This is a suit in ejectment instituted

by the appellant to recover possession of a described tract of land situated in Bernalillo county 187 yards wide by 1,500 yards long. This is the second time the case has been before this court. The opinion rendered on the former appeal may be found at 27 N. M. 559, 203 Pac. 243. The facts are fully stated there, and it is needless to repeat them here. At the conclusion of the second trial, all parties moved the court for an instructed verdict. The appellant's motion was denied; the appellees' motion was granted; an instructed verdict in their favor was returned, upon which judgment was rendered. The appellant has appealed.

[1] 1. Appellant contends that he affirmatively established a legal title under the following facts proven by him, viz.: That more than 30 years prior to the institution of this suit, Venceslao Chaves fenced the land in question, claiming to own the same; that the trustees of the Atrisco grant failed to take any legal steps to question such action on Chaves' part; that later, and for a valuable consideration, Chaves executed a mortgage upon said land to Pedro Perea, and that, subsequent thereto, Chaves and his wife conveyed the same by deed to Perea; that thereafter Perea conveyed it by deed to the appellant; that this deed was lost, and many years thereafter Perea's heirs executed a substitute or lieu deed conveying the same to appellant, in which the loss of the original was full recited; that during all of said times, and up to the time appellees dispossessed him, appellant and his predecessors in interest had possession of the land in question. Under these facts, it is contended that he proved a good title in himself. These grounds were incorporated in appellant's motion for a directed verdict. That there was an issue of fact with reference to the kind, character, and duration, as well as the existence of possession by the appellant and his predecessors in interest, is plainly to be seen from the statement of facts appearing in the opinion upon the former appeal, and it is admitted by counsel for both parties in their respec-

tive briefs, that the evidence upon this question on the
subsequent trial was not materially different from that
given on the previous one. This court expressly held,
in such former opinion, that an issue of fact was pre-
sented with reference to the possession of the land,
and that holding is the law of the case upon this appeal,
and is binding upon this court, as well as the litigants.
Davisson v. Citizens' National Bank, 16 N. M. 689, 120
Pac. 304; McBee v. O'Connell, 19 N. M. 565, 145 Pac.
123; State ex rel. Garcia v. Board of Commissioners,
22 N. M. 562, 166 Pac. 906, 1 A. L. R. 720; First Na-
tional Bank v. Cavin, 28 N. M. 468, 214 Pac. 325.
Possession under this claim of ownership being es-
sential, and there being an issue of fact with reference
thereto, the motion of all parties for a directed verdict
operated to waive their right to a trial by jury,
and to constitute the trial court as the trier of the
facts. In other words, the parties deemed to have
waived their right to a jury trial, and are bound by
the findings, if supported by substantial evidence.
Home Savings Bank v. Woodruff, 14 N. M. 502, 95 Pac.
957; De Burg v. Armenta, 22 N. M. 433, 164 Pac. 838.
We follow these cases, which are clearly in harmony
with the decided weight of authority throughout Amer-
ican jurisprudence. This may be readily seen by refer-
ing to the many cases cited in the note to Manska v.
San Benito Land Co., 18 A. L. R. 1430 (1433). So
we have this situation—by the law of the case de-
clared on the former appeal, an issue of fact existed
with reference to the possession of the disputed land on
the part of the appellant and his predecessors in inter-
est. It was clearly essential that he establish this
phase of his case in order to recover. Section 3364,
Code 1915; Manby v. Voorhees, 27 N. M. 511, 203
Pac. 543; Hoskins v. Talley et al. 29 N. M. 173,
220 Pac. 1007. By their motions for a directed
verdict, the parties are presumed to have waived their
right to have the jury determine the issues of fact, and
elected to agree upon the trial judge to pass upon them.
The finding of the court, being supported by sub-
stantial evidence, will not be disturbed on appeal—

a rule too well established to require or even merit the citation of authorities.

[**2**] 2. Appellant strongly urges that, at the time the common lands located within the Atrisco grant were conveyed to the corporation, he owned and was in possession of the land involved here; that it being privately owned land, the corporation acquired the legal title thereto as a naked trustee only, and that it held such legal title for his use and benefit as the actual owner. He relies upon Williams v. Lusk et ux., 28 N. M. 146, 207 Pac. 576, where this general doctrine was declared; but the bar to appellant's prevailing under it is that the trial court found against him upon the issue of his possession. Without possession he could acquire no title, as the muniments under which he claims could serve only as color of title under which he might acquire the land by adverse possession. Without possession, he could acquire no title.

[**3**] 3. Appellant further asserts that, aside from his legal title, he was entitled to recover upon his prior possession alone. He asserts in this connection that the appellees were naked trespassers, and that, in ejectment cases where no legal title is shown in either party, the one showing prior possession will be held to have the better right, and hence, entitled to recover. With this statement of abstract law we are in accord; but the difficulty with appellant's position is its application to this case. As we have previously seen, the trial court found against him upon his issue of prior possession, and, for the reasons we have previously suggested, he is bound by that finding. For this reason, he is cut off from recovering upon this theory.

[**4**] 4. It is next urged that the court erred in admitting in evidence the deeds from the trustees of the Atrisco grant to certain of the appellees. From what we have said, the trial of this case finally resolved itself into one before the court without a jury. In such cases, the erroneous admission of evidence is not reversible error, unless it affirmatively appears that the

court took such evidence into consideration in decid-
ing the case. Radcliffe v. Chaves, 15 N. M. 258, 119
Pac. 699; Halford Ditch Co. v. Independent Ditch Co.,
22 N. M. 173, 159 Pac. 861; Crawford v. Gurley, 23
N. M. 659, 170 Pac. 736; Grissom v. Grissom, 25 N. M.
518, 185 Pac. 64; Espy v. Union Trust & Savings Bank
29 N. M. 225, 222 Pac. 200. It does not appear that the
trial court took this evidence into consideration in de-
ciding the case. Hence, there is no reversible error
shown. The admission of certain other evidence is as-
signed as error. What we have said here disposes of
that matter.

[5] 5. Appellant's counsel asked several witnesses,
who had actual possession of the land at specific times,
explaining that what he meant by possession was " pos-
sessio pedis"—having his feet on the ground. To each
of these questions, the trial court sustained an ob-
jection upon the theory that the answer involved a
mixed question of law and fact; that it was a question
for the jury; and that to admit such evidence would
invade the province of the jury. Obviously, the court
was correct. Possession of the land was an important,
if not the controlling, fact in the case, and was the
principal question to be decided by the jury. In such
a case, it is certainly not one for witnesses to express
their opinion upon, but instead they should testify to
the various facts from which the jury may reach its
conclusion. To permit witnesses to testify is simply
to allow them to invade the province of the jury. They
may testify to any independent fact, which will throw
light upon the question of possession, such as who
built fences upon the land, cultivated it, erected other
improvements, grazed their stock thereon, and other
kindred facts, from which the jury might decide who
had possession. Had possession not been one of the
direct issues in the case for final determination by the
jury, but merely an incidental one, perhaps the ob-
jection would not have been tenable, but in this kind
of a case, it is for the jury and not witnesses to say
who had possession during the material times.

From what we have said, it follows that the judgment should be affirmed, and it is so ordered.

PARKER, C. J., and BOTTS, J., concur.